UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARAMARK HEALTHCARE SUPPORT SERVICES,<br><br>Plaintiff,<br><br>v.<br><br>WAUKEGAN ILLINOIS HOSPITAL COMPANY, LLC, d/b/a VISTA HEALTH SYSTEM,<br><br>Defendants. | Court No: 25-CV-06361<br><br>Judge Joan B. Gottschall |

### DEFENDANT'S MOTION TO VACATE DEFAULT JUDGMENT PURSUANT TO RULE 60(b)

Defendant, Waukegan Illinois Hospital Company, LLC, d/b/a Vista Health System, by and through its attorneys, Trivedi & Khan, P.C., for its Motion to Vacate Default Judgment Pursuant to Rule 60(b), states as follows

1. Plaintiff filed its Complaint and initiated this suit on June 6, 2025 (ECF No. 1).

2. Defendant was served on June 10, 2025, by service of its registered agent, CT Corporation System (ECF No. 10).

3. Despite the service on its registered agent, Defendant did not receive the summons and did not become aware of the existence of the suit until much later. Ex. 1, Affidavit of Jonathan Burket.

4. On July 15, 2025, this Court entered an order of default (ECF No. 12).

5. Defendant never received a copy of the July 15, 2025, order. Ex. 1.

6. On August 13, 2025, Plaintiff filed its Motion for Entry of Default Judgment (ECF No. 13).

1

7. Defendant never received a copy of Plaintiff's Motion for Entry of Default Judgment. Ex. 1.

8. On September 17, 2025, this Court entered a default judgment order in favor of Plaintiff, in the amount of $5,955,679.65. (ECF No. 20).

9. Defendant never received a copy of the September 17, 2025, order.

10. On October 31, 2025, Plaintiff filed a Third-Party Citation to Discover Assets to Wells Fargo Bank, N.A. (ECF No. 21).

11. On November 10, 2025, Defendant received a phone call and subsequent email from Well Fargo Bank, notifying Defendant of the proceedings. Ex. 1.

12. Prior to the communications from Wells Fargo, Defendant had not been aware of the existence of this proceeding. *Id*.

13. On November 10, 2025, Defendant engaged with legal counsel for assistance in this matter. *Id*.

14. On November 17, 2025, Defendant's counsel filed his appearance in this matter (ECF No. 23).

15. FRCP 60(b)(1) provides that, upon motion and just terms, that a court may relieve a party from a final judgment on the basis "mistake, inadvertence, surprise, or excusable neglect."

16. The court may also relieve a party from a final judgment for "any other reason justifying relief from the operation of the judgment." FRCP 60(b)(6).

17. A motion under 60(b)(1) must be made within a year of the entry of the judgement. FRCP 60(c)(1).

18. As courts have noted, Rule 60(b) is equitable in nature. *Di Vito v. Fidelity & Deposit Co.*, 361 F.2d 936, 939 (7th Cir. 1966).

19. The Seventh Circuit has acknowledged that default judgment is a harsh sanction and should be used sparingly. *C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1209 (7th Cir. 1984)

20. The equities in this matter weigh heavily in favor of granting Defendant's Motion, and vacating the default order of July 15, 2025 as well as the default judgment of September 17, 2025.

21. Defendant notes that the time frame between the filing of this suit and the entry of a default judgment was approximately three months. This compressed time frame significantly impacted Defendant's opportunity to discover any mistake, inadvertence, and/or excusable neglect which prevented it from acting to protect its interest.

22. Even now, as of the date of the filing of this motion, less than six months have passed since this suit was initiated.

23. There is no evidence in the record that, prior to entering a default order and default judgment, Plaintiff's counsel made any additional attempts to contract or notify the Defendant of the ongoing litigation.

24. Defendant's failure to become aware of this lawsuit sooner is a result of mistake, inadvertence, and excusable neglect.

25. Once Defendant became aware of this suit it acted swiftly to secure legal counsel and respond.

26. The size of the judgment, nearly $6 million, is also a factor that also weighs in favor of vacating the default judgment. It would be inequitable to determine the outcome of a suit with such significant financial stakes on the basis of a default judgment, when there exists an opportunity to determine the outcome of the matter on its merits.

For the foregoing reasons, Defendant, Waukegan Illinois Hospital Company, LLC, d/b/a Vista Health System, respectfully requests this Court grant its motion, vacate all defaults and default judgments against it, allow Defendant to file pleadings responsive to Plaintiff's Complaint, and grant such further relief as is necessary and just.

                    WAUKEGAN ILLINOIS HOSPITAL COMPANY, LLC, D/B/A VISTA HEALTH SYSTEM

                    *s/ Zubair A. Khan*
                    By: One of its attorneys

Zubair A. Khan (6275265)
TRIVEDI & KHAN P.C.
300 N. Martingale Road, Suite 725
Schaumburg, IL 60173
Telephone: (312) 612-7619
Email: service@trivedikhan.com