**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

|  |  |
|---|---|
| ARAMARK HEALTHCARE SUPPORT SERVICES, LLC<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>WAUKEGAN ILLINOIS HOSPITAL COMPANY, LLC d/b/a VISTA HEALTH SYSTEM,<br>　　　　　　　　　　Defendant. | CASE NO. 1:25-cv-06361<br><br>Judge Joan B. Gottschall<br><br>Magistrate Judge Gabriel A. Fuentes |

## OPPOSITION TO MOTION SEEKING TO SET ASIDE DEFAULT JUDGMENT

Plaintiff Aramark Healthcare Support Services, LLC ("Plaintiff" or "Aramark") files this memorandum in opposition to Defendant Waukegan Illinois Hospital Company, LLC's ("Defendant" or "Waukegan") Motion to Vacate Default Judgment (the "Motion"). Defendant has not carried its burden on either prerequisite to Rule 60(b) relief: (1) a showing of excusable neglect; and (2) presentation of a meritorious defense. Accordingly, the Motion should be denied.

### I. Preliminary Statement

This matter involves the collection of unpaid invoices for services Plaintiff rendered to Defendant. Defendant previously signed a contract acknowledging and agreeing to pay its debt to Plaintiff, before breaching that very contract while also failing to pay additional charges it incurred. ECF No. 13, ¶¶ 5-7. As a result, Plaintiff filed suit and properly served Defendant's registered agent with a copy of the Summons and Complaint on June 11, 2025. ECF No. 10. After ignoring its payment obligations for years, Defendant likewise ignored its duty to respond to the Complaint or otherwise appear. This failure ultimately resulted in a default judgment against Defendant.

Now Defendant seeks to set aside the judgment, which is a high burden. To do so, it must establish excusable neglect and provide a meritorious defense; however, it does neither. Instead, Defendant offers a legally deficient affidavit from an employee of its parent company that only attempts to explain why the employee of the parent company failed to act. There is no explanation as to why the Defendant, which is a sophisticated corporate entity, failed to respond or even why it waited over five months from service to confirm whether it had retained counsel to appear in this lawsuit.

Even ignoring this deficiency, Defendant fails to provide *any* defense, much less one with merit and does not even offer a copy of the answer it intends to file. Instead, it makes general claims of equity ignoring the fact that the size of the judgment is due to Defendant's own actions. Plaintiff rendered services to Defendant, which Defendant enjoyed the benefits of while failing to pay Plaintiff for years. Defendant now seeks to burden this Court and prejudice Plaintiff with further delay and costs for litigation that it has ignored and for which it has failed to articulate any defense.

Defendant has failed to meet its burden, and its motion should be denied. It would be inefficient and inequitable to force Plaintiff to proceed with—and the Court to oversee—federal litigation in these circumstances given Defendant's lack of diligence and failure to provide a sufficient basis to set aside the final judgment the Court previously entered.

## II. Legal Standard: Defendant Carries a High Burden in Seeking to Set Aside a Default Final Judgment.

Contrary to Defendant's contention, "the Seventh Circuit has 'long since moved away from the position of disfavoring default judgments....'" *Travelodge Hotels, Inc. v. Taurus Hotels Corp.*, 179 F.R.D. 569, 571 (C.D. Ill. 1998) (quoting *Pretzel & Stouffer v. Imperial Adjusters, Inc.,* 28

2

F.3d 42, 47 (7th Cir.1994)). And while there is a policy favoring trials on merits, it "is not a blanket policy that is to be applied in every situation." *Colonial Penn Life Ins. Co. v. Assured Enters., Ltd.*, 151 F.R.D. 91, 93 (N.D. Ill. 1993). "[T]o effectively prevent and deter parties from irresponsible conduct in litigation, district courts must acknowledge and enforce default judgments." *C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1206 (7th Cir.1984).

Here, Defendant carries a considerable burden in seeking to set aside a default judgment. *Trade Well Int'l v. United Cent. Bank*, 825 F.3d 854, 861 (7th Cir. 2016) ("The burden of proof rests on the party moving to vacate the judgment.") (citing *Bally Exp. Corp. v. Balicar, Ltd.*, 804 F.2d 398, 401 (7th Cir. 1986)). Indeed, "setting aside a default judgment is 'a formidable task' for the movant." *Carr v. Pouilloux, S.A.*, 947 F. Supp. 393, 398 (C.D. Ill. 1996) (quoting *Zuelzke Tool & Engineering Co., Inc. v. Anderson Die Castings, Inc.*, 925 F.2d 226, 229 (7th Cir.1991)).

Under Rule 60(b), the entry of a default judgment can be vacated if a party shows: (1) good cause for its default; (2) quick action to correct it; and (3) a meritorious defense. *Id.* (citing *Zuelzke*, 925 F.2d at 229). This is identical to the test for setting aside an entry of default under Rule 55(c), but "the test under Rule 60(b) is much more limited and stringent." *Travelodge Hotels, Inc. v. Taurus Hotels Corp.*, 179 F.R.D. 569, 571 (C.D. Ill. 1998) (citing *Jones v. Phipps,* 39 F.3d 158, 162 (7th Cir.1994)). Good cause is akin to showing excusable neglect as "the theme running through the case law which exhibits a stern predilection for leaving intact default judgments '[w]here it appears that the defaulting party has willfully chosen not to conduct its litigation with the degree of diligence and expediency prescribed by the trial court....'" *Jones*, 39 F.3d at 164 (7th Cir. 1994) (quoting *C.K.S. Eng'g, Inc.*, 726 F.2d at 1205). In the present case, Defendant fails to carry its burden.

3

### III. Argument

Defendant fails both prerequisites for Rule 60(b) relief. First, it offers no competent showing of excusable neglect. While Defendant concedes that proper service was effectuated on its registered agent in June 2025, Defendant supplies only an affidavit from an employee of its parent company claiming the parent did not receive the Summons and Complaint, with no explanation of Defendant's own five-month failure to act following valid service. Defendant's failure to act reflects, at best, internal carelessness not amounting to excusable neglect. Second, the Motion identifies no meritorious defense at all. It contains no disputed facts, no legal theory, and no proposed answer, relying instead on generalized equities and the size of the judgment, which is insufficient under Rule 60(b) and independently requires denial. For these reasons and as more fully discussed below, the Motion should be denied.

### A. Defendant Fails to Demonstrate Excusable Neglect by Only Providing Information Related to Its Parent Company.

Without providing adequate support, Defendant relies on Rule 60 claiming its "failure to become aware of this lawsuit sooner is a result of mistake, inadvertence or excusable neglect." ECF 24, ¶ 24. However, "[m]ere ignorance or carelessness of litigants or their attorneys is not an adequate basis for relief under Rule 60(b)(1)." *Colonial Penn Life*, 151 F.R.D. at 94. Instead, there needs to be "extraordinary circumstances . . . or at least the absence of any willful disregard for duties, simple carelessness, or negligence before a default judgment will be vacated." *Jones*, 39 F.3d at 164. At minimum, Defendant's Motion demonstrates carelessness or negligence in responding to the complaint.

Defendant concedes proper service on its registered agent on June 11, 2025. ECF No. 10; ECF No. 24, ¶ 2 ("Defendant was served on June 10, 2025, by service of its registered agent, CT Corporation System (ECF No. 10)."). Relying on its affidavit in support, its sole explanation is

that, despite such service, "Defendant did not receive the summons" and "did not become aware" of the lawsuit until Wells Fargo's November 10, 2025 citation notice. ECF No. 24, ¶ 3.

Notably, Defendant's supporting affidavit only indicates that its *parent* company did not receive the summons and complaint, it does not provide any explanation as to why Defendant— as opposed to its parent company—failed to take necessary action to retain counsel and respond to the complaint after being served *over five months ago*. The affidavit is signed by Jonathan Burket, who is employed by American Healthcare Systems ("AHS"), not Defendant. ECF No. 24-1, ¶1.[1] The affidavit only explains that AHS and Burket allegedly did not receive the summons, providing no explanation for the Defendant or its actions after being properly served. For its part, Defendant did not file an affidavit or declaration by one of its employees explaining what actions it took once properly served on June 11, 2025. *See* ECF No. 10. Defendant's answer was due on July 2, 2025. Both Plaintiff and the Court are left to speculate as to why Defendant failed for *over five months* from service and *over four months* after its answer was due to retain counsel and respond to the Complaint. However, the Court is not required to engage in pure speculation as to why Defendant failed to act. *See Colonial Penn Life*, 151 F.R.D. at 94 (denying motion and finding that the defendant failed to provide an affidavit from an individual that could explain the reason defendant failed to respond and refusing to engage in speculation as to why the defendant failed to respond).

At best, the affidavit reflects only an internal failure of Defendant to act upon a properly served complaint, which are not circumstances amounting to excusable neglect. Nothing in Defendant's Motion indicates when or if it attempted to send the Summons and Complaint to Burket, what action it took to follow up in the five months after service, or why it did not confirm

---

[1] The affidavit is not notarized and relies upon Section 1-109 of the Code of Civil Procedure, which does not subject the declarant to federal perjury laws. As a result, the affidavit does not comply with 28 U.S.C. § 1746 and is deficient. *See* ECF No. 9 (addressing this issue).

it (or Burket) had retained counsel and responded to the Complaint. Likewise, the Motion offers no detail regarding Defendant's mail-handling or agent-communication procedures, no explanation for why materials served on its registered agent did not reach responsible personnel at a different company, and no external factor that impeded a timely response. Instead, Defendant asks the Court to transform an unexplained five-month breakdown in its own processes into excusable neglect without any factual basis even though these actions are clearly within its control. *Colonial Penn Life*, 151 F.R.D. at 94 (Rule 60 "cannot be applied liberally where the events causing the default judgment were within the meaningful control of the defaulting party.") (citing *North Cent. Ill. Laborers' Dist. Council v. S.J. Groves & Sons Co., Inc.*, 842 F.2d 164, 167 (7th Cir.1988)).

Likewise, the Motion's reference to a "compressed time frame" between filing the Complaint and judgment does not excuse Defendant's inaction. Defendant was validly served on June 11th and did not file the present Motion until November 21st.[2] It had more than enough time to identify why it failed to properly respond to the Complaint. The timeline and facts in *Colonial Penn Life* are similar to the present case and warrant denial of Defendant's Motion. *Id*. at 92-94. As the court in *Colonial Penn Life* explained, modern technology makes it easy for a party (especially a corporate entity like Defendant) to follow up and ensure they respond to a complaint. *Id.* ("[I]n today's society with numerous technologically-advanced communication devices . . . Berstein could have prevented the default judgment by simply contacting the company attorney to reinforce the need to promptly respond to the complaint."). Again, Defendant makes no effort to explain its failure to simply contact Burket to ensure it would have a timely response.

---

[2] ECF No. 24, ¶ 21.

**B. The Burden is on the Defendant to Respond After Being Served, and the Size of the Judgment is a Result of Its Own Actions.**

Defendant cites the lack of additional outreach by Plaintiff beyond service and motion practice but identifies no rule or case law imposing such a duty. Rather than address its deficiencies, it seeks to place the burden on the Plaintiff for not doing more to chase Defendant to ensure it properly appeared and defended the lawsuit. Defendant is a sophisticated corporate entity that was properly served on June 11th and took no action afterwards, which defeats the very purpose of the Federal Rules regarding service of process.

Regardless, Plaintiff had no obligation to provide additional service of any filings. Defendant was in default for failing to appear or respond within twenty-one days of service. When a party is in default for failing to appear, service of filings is not required. Fed. R. Civ. P. 5(a)(2) ("No service is required on a party who is in default for failing to appear."); *See also Roor Int'l BV v. Armitage Pulaski, Inc.*, 2024 WL 1215718, at *3 (N.D. Ill. Mar. 21, 2024) (refusing to set aside a default judgment and finding notice was not necessary where the defendant failed to appear) (citing *Roor Int'l BV v. Mutual Traders, LLC*, 2023 WL 2789325, *5 (N.D. Ill. Apr. 5, 2023) . The Federal Civil Rules also contemplate service of a motion for default judgment only if the party has appeared, which is not the case here. Fed. R. Civ. P. 55(b)(2) ("If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing."). And again, none of this explains why Defendant did not exercise due diligence in ensuring it responded to the Complaint after service of process.

Finally, the size of the judgment is not good cause and does not transform Defendant's failure to respond to the Complaint into excusable neglect. Defendant cites the amount of the judgment making general claims for equitable relief but fails to make any showing of diligence,

7

mistake despite reasonable care, or external impediment. Importantly, the size of the judgment only reflects the amounts to which Plaintiff is rightly due as established by the parties' contracts and unpaid invoices for services rendered. The equities here favor Plaintiff as Defendant has enjoyed the benefit of Plaintiff's services while having failed to pay for those services for years. This is especially true where Defendant failed to provide any meritorious defense (explained below). Rule 60(b) is equitable, but it does not relieve parties from the consequences of their own inactions or internal breakdowns following valid service, especially where, as here, Defendant waited until post-judgment enforcement activity to appear.

### C. Defendant Fails to Present Any Meritorious Defense

Even if Defendant could establish excusable neglect, its Motion is completely bereft of any mention of a meritorious defense, which is required to set aside a default judgment. A defense is considered meritorious "if it is good at law to give the factfinder some determination to make." *Colonial Penn Life Ins. Co. v. Assured Enters., Ltd.*, 151 F.R.D. 91, 93 (N.D. Ill. 1993) (quoting *Bieganek v. Taylor,* 801 F.2d 879, 882 (7th Cir.1986). "A meritorious defense is not necessarily one which must, beyond a doubt, succeed in defeating a default judgment, but rather one which at least raises a serious question regarding the propriety of a default judgment and which is supported by a developed legal and factual basis." *Jones v. Phipps*, 39 F.3d 158, 165 (7th Cir. 1994) (internal citations omitted).

In almost every case reviewed, the defendants at least attempted to articulate a meritorious defense. Yet here, Defendant identifies no defense to liability or damages, asserts no facts disputing Plaintiff's claim, and offers no proposed answer or defenses for the Court's consideration. Instead, Defendant relies on generalized equities and the size of the judgment, without articulating any contractual, statutory, or factual defense to Plaintiff's entitlement to judgment in the amount entered. Defendant's filing recounts only procedural events (service,

8

default, default-judgment entry, and post-judgment collection activity) and then appeals to Rule 60(b) equities, but it identifies no substantive defense whatsoever.

The supporting Affidavit of Jonathan Burket likewise offers no defense on the merits. It contains no assertions disputing liability, the amount due, or any element of Plaintiff's claims; it only addresses internal notice issues, which are Defendant's responsibilities. Absent any articulated defense that could plausibly alter the outcome, the motion fails at the threshold level and should be denied.

### IV. Conclusion

Plaintiff properly served Defendant with service of process, a fact that Defendant does not dispute. Defendant's answer was due on July 2, 2025. Approximately five months after service and four months after its answer was due, Defendant seeks to set aside a valid final judgment and offers no explanation as to why it failed to appear and defend this action. Instead, it provides an invalid affidavit from an employee of its parent company that states only that he did not receive the Summons and Complaint. Even ignoring this deficiency, Defendant fails to make any effort to establish a meritorious defense. Because Defendant identifies no meritorious defense and fails to establish excusable neglect, the motion should be denied in its entirety.

**FLASTER GREENBERG, P.C.**

By:    /s/ *Eric C. Palombo*
Eric C. Palombo
Eric.Palombo@flastergreenberg.com
Flaster Greenberg, P.C.
100 Front Street, Suite 100
Conshohocken, PA 19428
Telephone: (215) 320-3728
Fax: (610) 260-4447
*Attorneys for Plaintiff,*
*Aramark Healthcare Support Services, LLC*

Date: December 4, 2025

9