IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ARAMARK HEALTHCARE SUPPORT SERVICES, LLC, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 25-CV-6361 |
| v. | ) ) ) | Honorable Joan B. Gottschall |
| WAUKEGAN ILLINOIS HOSPITAL COMPANY, LLC, doing business as VISTA HEALTH SYSTEM, | ) ) ) | |
| Defendant. | | |

## ORDER

On September 17, 2025, this court entered default judgment, Dkt. No. 20, awarding $5,931,314.14 to plaintiff Aramark Healthcare Support Services, LLC, for breach of contract. Defendant Waukegan Illinois Hospital Co., LLC, which does business as Vista Health System, appeared on November 17, 2025, and filed its pending motion to set aside the default judgment on November 21, 2025. Dkt. No. 24.

Consistent with the proof of service on record, Vista acknowledges that the complaint and summons were properly served on its registered agent, CT Corporation System, but, for reasons not revealed by this record, Vista's Chief Operating Officer did not become aware of this case until November 10, 2025, when a bank advised that it had been served with a citation to discover assets. *See* Aff. of Jonathan Burket ¶¶ 3, 7–8, Dkt. No. 24 Ex. A. In opposition, Aramark contends that Vista has not adequately explained its failure timely to respond to the complaint or shown that it has an arguably meritorious defense. *See* Mem. Opp'n Mot. Set Aside Default J. 4–9, Dkt. No. 26.

Once a default judgment has been entered, Federal Rule of Civil Procedure 55(c)'s good cause standard no longer applies, and the moving party must satisfy the heightened standard of Rule 60(b). *See Escamilla v. United States*, 62 F.4th 367, 372 (7th Cir. 2023); *Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246, 252 (7th Cir. 1990). The elements under these two rules

are identical, but "the tests for granting relief are more stringent in the case of a default judgment." *Pretzel & Stouffer, Chartered v. Imperial Adjusters, Inc.*, 28 F.3d 42, 47 (7th Cir. 1994) (citing *United States v. DiMucci*, 879 F.2d 1488, 1495 (7th Cir. 1989)). To set aside a default, the moving party must show "(1) good cause; (2) quick action to correct it; and (3) 'an arguably meritorious defense to the lawsuit.'" *Escamilla*, 62 F.4th at 372 (quoting *Parker v. Scheck Mech. Corp.*, 772 F.3d 502, 505 (7th Cir. 2014)). Seventh Circuit cases in this area of the law "articulate a policy of favoring trial on the merits over default judgment." *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 630 (7th Cir. 2009) (citation modified) (citing *Sun v. Univ. of Ill. Bd. of Trs.*, 473 F.3d 799, 811 (7th Cir. 2007)).

      Beginning with quick action, Vista's Chief Operating Officer contacted an attorney one day after he became aware of the default judgment on November 10, 2025. Burket Aff. ¶¶ 7–9. Vista filed its pending motion to set aside the default judgment ten days later. Aramark does not dispute that this satisfies the quick action element, and the court agrees and so finds. Regarding good cause, Aramark correctly observes that Vista has not explained why it did not become aware of this lawsuit until November 10, even though Aramark served Vista's registered agent in July. *See* Aff. of Service, Dkt. No. 10. This is not fatal, however, because the good cause standard "does not necessarily require a good excuse for the defendant's lapse." *Escamilla*, 72 F.4th at 372 (quoting *Sims v. EGA Prods. Inc.*, 475 F.3d 865, 868 (7th Cir. 2007)). The good cause inquiry focuses on whether there is "good cause for the judicial action," meaning the act of setting aside the default judgment. *Id.* (Quotation and citation omitted.) While Vista's apparent failure to become aware of this litigation until November 10 has not been explained, the resulting delay of approximately three months is relatively short, and Aramark identifies no undue prejudice other than the types of harms that are inevitable whenever a default judgment is set aside, such as the plaintiff's lost time and money moving for default judgment and attempting to collect it. In the latter connection, the court notes that Aramark appears to have issued just one citation to discover assets after which Vista acted promptly. On this record, the prejudice

Aramark identifies does not overcome the policy favoring a decision on the merits. The court finds that Vista has shown good cause under Rule 60(b) to set aside the default judgment.

But Vista does not argue in its motion or the accompanying affidavit that it has a meritorious defense to Aramark's breach of contract claims. *See* Mot. to Set Aside Default J. & Ex. A, Dkt. No. 24. Aramark made this point in its response brief, Dkt. No. 26 at 8–9, but Vista did not file a reply memorandum. Aramark's' claims stem from at least eighty invoices, some of which date to September 2023. *See* Dkt. No. 13-4 Ex. D; *see also id.* Ex. E (spreadsheet of damages). In accordance with the Seventh Circuit cases cited *supra*, the default judgment may not be set aside unless Vista shows that it has an arguably meritorious defense. *E.g.*, *Escamilla*, 62 F.4th at 372. Vista has not made this showing.

For the reasons stated, Vista's motion to set aside the default judgment, Dkt. No. 24, is denied without prejudice to refiling within fourteen days, on or before January 5, 2026. Vista has shown that good cause exists to set aside the default judgment and that it took quick action. If Vista elects to renew its motion, it should limit itself to the question of whether it has an arguably meritorious defense.

Date: December 22, 2025 /s/ Joan B. Gottschall
United States District Judge