UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARAMARK HEALTHCARE SUPPORT SERVICES, Plaintiff, v. WAUKEGAN ILLINOIS HOSPITAL COMPANY, LLC, d/b/a VISTA HEALTH SYSTEM, Defendants. | Court No: 25 LA 94<br>Judge Joan B. Gottschall |

## AFFIDAVIT OF JONATHAN BURKET

I, Jonathan Burket, being first duly sworn upon oath, declare under penalty of perjury that the following is true and correct:

1. I am employed by American Healthcare Systems, LLC, the parent company of Waukegan Illinois Hospital Company, LLC (WIHC), as its Compliance Officer.

2. My job duties include engaging outside counsel for the representation of WIHC on legal matters, such as the instant lawsuit brought by Plaintiff.

3. Though it appears Summons in the instant lawsuit was served upon WIHC's registered agent, I did not receive a copy of the Summons and Complaint following said service and WIHC was not made aware of the existence of this suit until being notified by Wells Fargo Bank on November 10, 2025.

4. I did not receive a copy of, or notice of, an order of default entered by this Court on or about July 15, 2025.

1

5. I did not receive a copy of, or notice of, a Motion for Entry of Default Judgment filed by the Plaintiff on or about August 13, 2025.

6. I did not receive a copy of, or notice of, a default judgment order entered by this Court on or about September 17, 2025.

7. The first notice I received of the existence of this lawsuit was on November 10, 2025, when I received a phone call from Well Fargo Bank about a garnishment, and then on the same date forwarded to me, via email, a copy of the Third-Party Citation to Discover Assets.

8. Following that phone call and email, on November 10, 2025, I contacted legal counsel to represent WIHC in this matter.

9. Had I known of the existence of this lawsuit at any point prior to receiving the Third-Party Citation to Discover Assets, I would have acted promptly to ensure WIHC's participation in this matter via legal counsel.

10. I have reason to believe the Plaintiff's claimed damages of $4,800,000 are inaccurate, and that the amount actually owed by WIHC pursuant to the contract is less than that amount.

11. I am over the age of 18 years old and, if called to do so, I can and would testify consistently with the facts set forth herein based upon my personal knowledge.

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in the foregoing instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

FURTHER AFFIANT SAYETH NOT

_____
JONATHAN BURKET
