IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ARAMARK HEALTHCARE SUPPORT SERVICES, LLC | CASE NO. 1:25-cv-06361 |
| Plaintiff, | |
| v. | Judge Joan B. Gottschall |
| WAUKEGAN ILLINOIS HOSPITAL COMPANY, LLC d/b/a VISTA HEALTH SYSTEM, | Magistrate Judge Gabriel A. Fuentes |
| Defendant. | |

**OPPOSITION TO SECOND MOTION
SEEKING TO VACATE THE DEFAULT JUDGMENT**

Plaintiff Aramark Healthcare Support Services, LLC ("Plaintiff" or "Aramark") files this memorandum in opposition to Defendant Waukegan Illinois Hospital Company, LLC's ("Defendant" or "Waukegan") Motion to Vacate the Default Judgment previously entered in this matter (the "Motion"). ECF No. 31. Aramark opposes Defendant's Motion on the sole ground ordered by the Court: Defendant has not carried its burden to establish a meritorious defense. The Motion should be denied.

**I. Introduction**

The Court denied Defendant's prior Motion to Vacate on the basis that Defendant failed to identify a meritorious defense. In its opinion, the Court provided Defendant with an opportunity to refile its Motion addressing this issue. Having failed to initially respond to the complaint or raise a meritorious defense in its first motion, Defendant still fails to carry its burden despite having a proverbial third bite at the apple. Defendant concedes that it is liable to Aramark but claims it has "has reason to believe the balance due is significantly less" than Aramark's demand. ECF No. 31,

¶ 7. It does not provide the reasons or any facts or evidence that would support this conclusory statement. Defendant's submission lacks:

- Any calculation showing the "correct" amount and how it is derived;
- Any documentation supporting payments, credits, or disputes tied to specific invoices or dates; and
- Any legal authority or contractual clause that would negate or limit the damages awarded.

In contrast, Aramark's judgment was supported by contracts, invoices and detailed affidavits that delineating Defendant's clear liability based on its failure to comply with its contractual obligations and pay Aramark for its services. Defendant makes no effort to address those claims or provide *any* factual or legal support for its alleged defense instead hinging its entire motion on a belief it may have but never explains. This is insufficient to carry its burden and demonstrates a cavalier attitude towards this litigation despite the Court providing Defendant with multiple opportunities to establish good cause to vacate the judgment.

Accordingly, the Motion should be denied.

**II. Legal Standard: A Meritorious Defense Requires Specific, Developed Facts and Law.**

Under Seventh Circuit precedent, a movant must present a developed, legally cognizable defense supported by specific facts that, if proven, would constitute a complete or partial defense and raise a serious question about the propriety of the default judgment. Conclusory denials or vague assertions about damages do not suffice as a meritorious defense must contain more than "bare legal conclusions." *Acosta v. DT & C Glob. Mgmt.*, LLC, 874 F.3d 557, 562 (7th Cir. 2017) (quoting *Parker v. Scheck Mech. Corp.*, 772 F.3d 502, 505 (7th Cir. 2014); see also *Breuer Elec. Mfg. Co. v. Toronado Systems of America, Inc.*, 687 F.2d 182, 186 (7th Cir. 1982) (finding a

general denial was insufficient to establish a meritorious defense and stating, "The showing of a meritorious defense that is necessary to set aside a default requires more than the bare legal conclusions . . . ." ). Indeed, a meritorious defense is one that must at last raise "a serious question regarding the propriety of a default judgment and which is supported by a *developed legal and factual basis*." *Jones v. Phipps*, 39 F.3d 158, 165 (7th Cir. 1994) (emphasis added). A motion to vacate is "insufficient if it lack[s] a grounding in facts which would support a meritorious defense of the action by the non-moving party." *Pretzel & Stouffer, Chartered v. Imperial Adjusters, Inc.*, 28 F.3d 42, 46 (7th Cir. 1994) (citing *Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246, 252 (7th Cir. 1990)); see also *Chandler Leasing Corp. v. UCC*, Inc., 91 F.R.D. 81, 84 (N.D. Ill. 1981) ("It is well settled that general denials and conclusory statements are insufficient to establish a meritorious defense; the movant must present a factual basis for its claim.") (internal citations omitted); *United States v. Topeka Livestock Auction, Inc.*, 392 F. Supp. 944, 951 (N.D. Ind. 1975) ("[A]n absolutely essential criteria to setting aside a default entry against a defendant is that the defendant claim with specificity a meritorious defense. A conclusory statement that such a defense exists is not sufficient.").

### III. Defendant Admits Liability and Offers Only Conclusory, Undeveloped Assertions Regarding Damages Without Legal or Factual Support.

A. *Defendant's Motion Fails to Provide Any Facts Offering Only a Threadbare Affidavit from a Separate Company that is Not Based on Personal Knowledge.*

Falling well short of its burden, Defendant motion does nothing more than offer a single conclusory statement devoid of factual or legal support. It presents no legally developed defense and no factual proffer showing how any specific contract provision, payment record, offset, credit, or accounting error would reduce the judgment. Instead, Defendant expressly concedes liability stating that it owes a balance pursuant to the contract and merely states it "has reason to believe"

3

the balance is "significantly less" than alleged, without identifying any contractual defense, affirmative defense, or factual basis to compute a different sum. A single conclusory sentence is simply not enough for a Defendant to meet the "absolutely essential criteria" of setting forth a meritorious defense with "specificity." *Topeka Livestock*, 392 F. Supp. at 951 ("There is nothing in the record before the court concerning a meritorious defense which can be characterized as anything other than 'conclusory.'").

In obtaining default judgment, Aramark provided contracts supporting its claims, invoices documenting the damages and a detailed supporting affidavit. ECF Nos. 13-14. Defendant makes no attempt to address these items or offer any facts to support its motion. This is a simple contract action where the contract clearly requires Defendant to pay Aramark for its services, which Defendant concedes. In such a case, Defendant must provide sufficient facts to support its claim of a meritorious defense. *See Chandler Leasing*, 91 F.R.D. at 84 (N.D. Ill. 1981) (finding that a third-party defendant failed to establish a meritorious defense in a "simple contract action" where the defendant stated he was obligated to make payment but failed to provide any factual basis for his alleged fraud defense.).

Defendant offers no ledger, invoice reconciliation, payment history, credit memo, or declaration detailing specific overstatements or offsets; its affiant merely states a belief that Plaintiff's claimed damages are inaccurate, again without particulars. Again, Defendant must offer more than conclusory statements. "Yet that is all that [Defendant] offered." *Acosta,* 874 F.3d at 562 (7th Cir. 2017).

The supporting affidavit asserts only, "I have reason to believe the Plaintiff's claimed damages of $4,800,000 are inaccurate, and that the amount actually owed by WIHC pursuant to the contract is less than that amount." ECF Nos. 31, ¶ 7, 31-1, ¶ 10. This is similar to the defendants

4

in *Acosta* in which the Seventh Circuit affirmed a district court's denial of a motion to vacate a default judgment. Regarding a meritorious defense in support of their motion, the defendants claimed they had "'defenses of good faith and that the amounts awarded are excessive and [that defendant] has not received all credits he and other defendants should have with respect to the judgment amount.'" *Acosta*, 874 F.3d at 562. In holding the defendants failed to establish a meritorious defense, the Seventh Circuit stated that the "defendants don't elaborate on these defenses, nor do they provide any support for them." *Id.*

Like *Acosta*, nowhere in the Motion or the supporting affidavit does Defendant provide *any* facts in support of the claim that it has "reason to believe" the balance due is less or even tries to explain the basis for the reason. In fact, Defendant's motion is not supported by an affidavit of an employee of Vista at all. Instead, the only affidavit provided is from an employee of an alleged parent company whose only listed job duty is to "engage outside counsel" and who fails to state anywhere in the affidavit that it is based personal knowledge. ECF No. 31-1, ¶¶ 2-3.

### B. Defendant's Motion Fails to Identify a Legal Defense in Support of Its Motion.

Compounding its lack of facts, the motion is devoid of any legal defense. Defendant identifies no legal theory—such as accord and satisfaction, setoff, waiver, release, contractual cap, performance deficiency, or statute-based limitation—nor does it tether any defense to contract language or evidence. The renewed motion asks for discovery in hopes of finding a defense, which is insufficient under the meritorious-defense requirement. *Jones,* 39 F.3d at 165 (a meritorious defense must be "supported by a *developed legal and factual basis*.") (emphasis added). The motion urges that the interests of justice favor discovery on Plaintiff's damages and payments made by Defendant, but it does not articulate any specific defense or factual particulars supporting a reduced amount.

5

A bare assertion based on a belief that the damages "are less" than the amount awarded, untethered to any identified transactions, accounting, documents, witnesses, or governing contract provisions, does not raise a serious question going to liability or damages on a legal or factual basis. By conceding liability and offering only conclusory disagreement with the damages figure, Defendant has not demonstrated a plausible, developed defense that would change the outcome at trial or on a merits determination. That failure is dispositive of Defendant' motion, which the Court permitted solely to address the existence of a meritorious defense.

## IV. Conclusion

Because Defendant has not presented a specific, supported, and legally cognizable defense that could alter the judgment, its renewed motion fails the meritorious defense requirement and should be denied. As detailed above, Defendant offers only conclusory assertions without factual or legal support, fails to identify any contractual or legal basis for reducing the damages, and relies on an affidavit lacking personal knowledge and relevant details. In contrast, Aramark's default judgment is supported by contracts, invoices, and detailed affidavits, none of which Defendant attempts to address. Therefore, Defendant's motion does not meet the legal standard for establishing a meritorious defense, and the Motion should be denied.

**FLASTER GREENBERG, P.C.**

By: /s/ *Eric C. Palombo*
Eric C. Palombo
Eric.Palombo@flastergreenberg.com
Flaster Greenberg, P.C.
100 Front Street, Suite 100
Conshohocken, PA 19428
Telephone: (215) 320-3728
Fax: (610) 260-4447
*Attorneys for Plaintiff,*
*Aramark Healthcare Support Services, LLC*

Date: January 30, 2026