UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARAMARK HEALTHCARE SUPPORT SERVICES, | |
| Plaintiff, | Court No: 25-CV-06361 |
| v. | Judge Joan B. Gottschall |
| WAUKEGAN ILLINOIS HOSPITAL COMPANY, LLC, d/b/a VISTA HEALTH SYSTEM, | |
| Defendants. | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS SECOND MOTION TO VACATE DEFAULT JUDGMENT PURSUANT TO RULE 60(b)**

Defendant, Waukegan Illinois Hospital Company, LLC, d/b/a Vista Health System, by and through its attorneys, Trivedi & Khan, P.C., as a Reply in support of its Second Motion to Vacate Default Judgment Pursuant to Rule 60(b), states as follows:

I.  **DEFENDANT'S MERITORIOUS DEFENSE TO DAMAGES IS SUFFICIENT TO SET ASIDE THE DEFAULT JUDGMENT**

In its Second Motion to Vacate Default Judgment Pursuant to Rule 60(b), Defendant conceded that a balance is due to Plaintiff pursuant to the contract at issue but set forth a meritorious defense with regards to the balance due. (ECF No. 31, ¶ 7). As support for this meritorious defense, Defendant attached an affidavit from Jonathan Burket, that the Defendant

1

corporation has reason to believe the balance due is significantly less than the $4.8 million alleged in the Complaint (ECF No. 31-1 ¶ 10).

Though this should be sufficient to establish a meritorious defense, and allow the parties to engage in discovery aimed at developing said defenses, for the avoidance of doubt, Defendant has further reviewed its own records which indicate the balance due under its own accounting of the contract with Plaintiff is $3,827,362.33, not including interest. See the attached Exhibit 2, Accounts Payable Vendor History Listing. This is almost $1 million less than the pre-interest amount on which default judgment was entered. (*See* ECF No. 13, ¶ 11).

Defendant has been able to determine that a number of invoices claimed by Plaintiff were never received by the Defendant. (Exhibit 3, Affidavit of Elizabeth George; Exhibit 4, Reconciliation Spreadsheet). Defendant notes that the Plaintiff ceased providing its service to Defendant after September 10, 2024. (Ex. 3). Some of the invoices Defendant never received were purportedly transmitted to Defendant are dated after this date. (*See* ECF No. 13-4, pp. 77-79). As Defendant has not received these invoices before, and can only speculate as to what services they are to cover, however Defendant notes that charges for service provided in August 2024 are covered by invoice numbers C01050891 and C01050402, totaling $283,063.96. (*See* ECF No. 13-4, p. 19).

Some of the invoices included within Plaintiff's Motion for Default appear to be invoices for "Finance Charges" on prior invoices. (ECF No. 13-4, 32-73). WIHC has no record of receiving any of these invoices. (Ex. 3). Aramark has listed these finance charges and the original invoices as separate line items and has calculated interest on both. (ECF No. 13-5). For one, this raises the question of whether interest has been double calculated for the original invoices – once in calculating the finance charge, and a second time when calculating the interest figure that appears

2

on the rightmost column of the ledger. Second, the calculated additional interest on these Finance Charge invoices is not contemplated by the Agreement. The Agreement does not allow for compounding interest, and therefore charging additional interest on the Finance Charges is inappropriate.[1]

Counsel for Defendant has also identified additional discrepancies within the documents submitted by Plaintiff. For example, the ledger provided by Plaintiff which purports to calculate interest, lists an invoice date of May 3, 2024, and due date of June 2, 2024, for invoice C01050402. (ECF No. 13-5, p. 3). However, the invoice bearing the same invoice number lists an invoice date of September 2, 2024, and a due date of October 2, 2024. (ECF No. 13-4, p. 19). One of the largest invoice balances in the ledger accompanies invoice C01033809, which lists an invoice date of October 25, 2023, and a due date of November 24, 2023 (ECF No. 13-5, p. 2). However, the actual invoice for C01033809 lists an invoice date of January 8, 2024, and a due date of February 7, 2024. (ECF No. 13-4, p. 4). There are other examples of similar discrepancies which may have significantly affected the calculation of the $1,129,689.43 in interest claimed by Plaintiff. Moreover, Defendant intends to dispute any and all interest charges for the invoices it has not previously received, which are significant. See Ex. 4.

## II. CONCLUSION

The interests of justice are served by setting aside the default judgment and allowing the parties to engage in reasonable discovery on issues related to damages, particularly on whether certain invoices were actually sent to and/or received by the Defendant, the nature of the invoices,

---

[1] The Agreement is not attached to this brief, as it is Defendant's understanding the Agreement has previously been filed under seal by Plaintiff. To the extent Plaintiff disputes this interpretation of the Agreement, and believes it does allow for compound interest, rather than simple interest, Defendant notes that no such argument was made in Plaintiff's Complaint or Motion for Default Judgment, nor was any explanation of its interest calculation included in either filing.

3

whether they are permitted under the Agreements by the parties, and on the proper calculation of interest.

It would be inequitable to determine the outcome of a suit with such significant financial stakes on the basis of a default judgment, when there exists an opportunity to determine the outcome of the matter on its merits.

For the foregoing reasons, Defendant, Waukegan Illinois Hospital Company, LLC, d/b/a Vista Health System, respectfully requests this Court grant its motion, vacate all defaults and default judgments against it, allow Defendant to file pleadings responsive to Plaintiff's Complaint, and grant such further relief as is necessary and just.

        WAUKEGAN ILLINOIS HOSPITAL
        COMPANY, LLC, D/B/A VISTA HEALTH
        SYSTEM

        *s/ Zubair A. Khan*
        By: One of its attorneys

Zubair A. Khan (6275265)
TRIVEDI & KHAN P.C.
300 N. Martingale Road, Suite 725
Schaumburg, IL 60173
Telephone: (312) 612-7619
Email: service@trivedikhan.com