IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ARAMARK HEALTHCARE SUPPORT SERVICES, LLC, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 25-cv-6361 |
| v. | ) ) | Honorable Joan B. Gottschall |
| WAUKEGAN ILLINOIS HOSPITAL COMPANY, LLC, doing business as VISTA HEALTH SYSTEM, | ) ) ) ) | |
| Defendant. | ) ) | |

**ORDER**

This diversity jurisdiction, breach of contract action comes before the court on defendant Waukegan Illinois Hospital Co., LLC's renewed motion to set aside the $5,931,314.14 default judgment dated September 17, 2025. Default J., Dkt. No. 20. Because Waukegan Hospital has shown that it has an arguably meritorious defense to more than $900,000 in liability, the court sets aside the default judgment to allow this case to be resolved on the merits.

**BACKGROUND**

Plaintiff Aramark Healthcare Support Services, LLC commenced this case by filing its complaint on June 6, 2025. Dkt. No. 1. After it filed proof of service of the summons and complaint, Aramark moved for default judgment on August 13, 2025. Dkt. No. 13. To prove up its damages, Aramark attached written contracts, affidavits, and invoices showing that the parties entered into a Management Services Agreement dated June 16, 2014 (amended November 1, 2023) under which Aramark agreed to manage food, environmental, guest, and valet services at Waukegan Hospital. *See* Management Services Agreement, June 16, 2024, Dkt. No. 14-1; Amendment, Nov. 1, 2023, Dkt. No. 14-2. Aramark also submitted evidence showing on its face that Waukegan Hospital owed nearly $6 million in past-due invoices for services provided on

dates between September 2023 and October 2024. *See* Invoices, Dkt. No. 13-4. Waukegan Hospital did not appear or defend, and default judgment was entered on September 17, 2025. Default J., Dkt. No. 20.

On October 31, 2025, Aramark initiated proceedings to collect the default judgment. *See* Citation to Discover Assets, Oct. 31, 2025, Dkt. No. 21. Representing that it first learned of this case when its bank was served with Aramark's citation to discover assets, Waukegan Hospital appeared in November 2025 and moved to set aside the default judgment. *See* Notice of Appearance, Nov. 17, 2025, Dkt. No. 23; First Mot. to Set Aside Default J., Dkt. No. 24.

Waukegan Hospital's first motion was denied without prejudice in an order dated December 22, 2025. Dkt. No. 28. The order concluded that Waukegan Hospital had satisfied two of the three requirements for setting aside a default judgment: there was good cause for its default, and it acted quickly upon learning of the default judgment. *See Escamilla v. United States*, 62 F.4th 367, 372 (7th Cir. 2023). But Waukegan Hospital did not show, or attempt to show, the third requirement, *i.e.*, that it had an arguably meritorious defense. *See id.*; Order dated Dec. 22, 2025, at 3. This court authorized Waukegan Hospital to renew its motion. Order dated Dec. 22, 2025, at 3. It has done so. Waukegan Hospital's renewed motion to set aside the default judgment has been fully briefed, including a court-authorized surreply filed by Aramark. Dkt. No. 39.

### ANALYSIS

The standard for setting aside a default judgment under Rule 60(b) of the Federal Rules of Civil Procedure is set out on pages 1–2 of the order dated December 22, 2025. Dkt. No. 28 at 1–2. Resolution of Waukegan Hospital's second motion to set aside hinges on whether it has met its burden of showing an arguably meritorious defense. The Seventh Circuit has instructed district courts to consider, among other factors, "the strength of the merits of [the moving party]'s defense" on a motion to set aside a default judgment. *See JMB Mfg., Inc. v. Child Craft, LLC*, 799 F.3d 780, 793 (7th Cir. 2015) (citations omitted). That is consistent with the

2

discretionary nature of the decision on whether to set aside a default judgment. *See id.* at 792–93.

On February 10, 2026, this court ruled that the "non-specific representations and assertions made in defendant's second motion to set aside default judgment, Dkt. No. 31, Paragraphs 7–9, as well as the averments of the accompanying affidavit of Jonathan Burket, Dkt. No. 31-1, Paragraphs 7–10, lack the specificity required to carry defendant's burden to show that it has a meritorious defense." Minute Order, Dkt. No. 36 (citing *Acosta v. DT& C Glob. Mgmt., LLC*, 874 F.3d 557, 562 (7th Cir. 2017)). That ruling concerned the contents of, and exhibits to, Waukegan Hospital's opening motion, but not its reply memorandum. Waukegan Hospital made several new arguments in its reply and also attached exhibits not previously presented to the court. *Id.* The February 10, 2026, minute order declined to apply waiver doctrine, explaining: "Ordinarily, arguments and evidence presented for the first time in a reply are waived because the opposing party has no opportunity to respond." *Id.* (citing *White v. United States*, 8 F.4th 547, 552–53 (7th Cir. 2021)).

Instead of deeming Waukegan Hospital's arguments and evidence waived, the court authorized Aramark to file a surresponse, if it wished to do so, to address the arguments and evidence raised for the first time at the reply stage. *Id.* Aramark availed itself of that opportunity by filing a surreply. Dkt. No. 39. Since both parties have received an opportunity to be heard on the arguments in Waukegan Hospital's reply and the attached exhibits, they are properly before the court and will be considered.

According to Waukegan Hospital's reply and the attached exhibits, it has no record of receiving some of the invoices on which Aramark's breach of contract claims are based. *See* E. George Aff. ¶¶ 4–12 and the accompanying spreadsheet, Dkt. No. 35-1. Waukegan Hospital objects that it "has not had an opportunity" to dispute these invoices and that some invoices apply finance charges not authorized by the Management Services Agreement. *See id.* ¶¶ 8–12 (quotation in ¶ 8). Waukegan Hospital further asserts that some of Aramark's invoices are for services provided after the Management Services Agreement expired. *See id.* ¶¶ 6–8.

3

Aramark counters that Waukegan Hospital has again failed to show that it has an arguably meritorious defense for two reasons. First, it maintains that Waukegan Hospital has not provided enough specific facts supporting its defense to carry its burden. Surreply 3–4, Dkt. No. 39. Second, Aramark points out that Waukegan Hospital disputes the judgment amount in part, but it does not disagree that it is partially liable for breach of contract. *Id.*

Regarding the specificity of the facts supporting Waukegan Hospital's defense, its reply and supporting evidence meet the relatively "lenient" standard for identifying an arguably meritorious defense. *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 631 (7th Cir. 2009) (citing *Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 173 (2d Cir. 2011)). Unlike its prior rounds of briefing and evidence, Waukegan Hospital's reply and supporting evidence "cannot be characterized as so conclusory as to be fatal. Rather, [they notify] the plaintiff and the district court of the nature of [defendant's] defense and provide[ ] the factual basis for that defense." *Id.* No more is required. *See id.*

Aramark attaches evidence to its surreply it contends defeats Waukegan Hospital's defense. It cites email correspondence and contends that the disputed invoices were sent to a Waukegan Hospital employee in October 2024. *See* Email dated Oct. 9, 2024, Dkt. No. 39-1. Aramark also argues, without citing evidence, that the fact that some invoices are dated after the applicable contract expired is a "red herring." Surreply 4. It makes a series of factual assertions about the parties' history and course of dealing in its surreply. These asserted facts, Aramark contends, explain why the invoices dated after the Management Services Agreement expired are nonetheless due and owing. *See id.* at 5–6.

The court must decline Aramark's invitation to adjudicate Waukegan Hospital's defense at this juncture. The facts and explanations in Aramark's surreply cannot be considered because no admissible evidence has been cited to support them and because Waukegan Hospital has not had an opportunity to respond. Neither party has taken discovery. The pending motion asks only whether the default judgment should be reopened to permit the foregoing issues to be resolved on their merits. In view of the sizable amount of money at issue and the nonfrivolous disputes

4

raised, reopening the default judgment furthers the Seventh Circuit's "policy of favoring trial on the merits over default judgment." *Cracco*, 559 F.3d at 631 (citing *Sun v. Bd. of Trs. of the Univ. of Ill.*, 473 F.3d 799, 811 (7th Cir. 2007)). Waukegan Hospital has shown an arguably meritorious defense to a substantial portion of the liability imposed by the default judgment.

One question remains: whether a defendant moving to set aside a default judgment must show that its arguably meritorious defense is a complete defense—complete as contrasted with a partial defense reducing, but not eliminating, the moving party's liability. Though Aramark stresses that its opponent's defense is partial, *e.g.*, Surreply 5, neither party cites a case addressing this question. Without discussing the complete defense issue, courts have analyzed whether an arguably meritorious defense has been shown on a claim-by-claim or issue-by-issue basis. *See, e.g.*, *FOC Fin. Ltd. P'ship v. Nat'l City Com. Cap. Corp.*, 612 F. Supp. 2d 1080, 1084–85 (D. Ariz. 2009); *Indus. Process Equip., Inc. v. Lumbermen's Mut. Cas. Co.*, 104 F.R.D. 577, 579 (D. Me. 1985). These cases are consistent with the general policy favoring trials on the merits over defaults.

Nothing in the Federal Rules of Civil Procedure requires an interpretation that would allow a single uncontested claim to become a talisman warding off all challenges to a default judgment, no matter how timely and meritorious they may be. *See generally* 10A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 2697 (4th Ed. 2026). Here, the legitimately contested amount of liability is substantial—more than $900,000—which counsels in favor of reopening the judgment. *See JMB Mfg.*, 799 F.3d at 792–93. For these reasons, the fact that the default judgment includes uncontested liabilities does not immunize it from being set aside to resolve Waukegan Hospital's arguably meritorious defense to more than $900,000. *Cf. id.* at 792.

### CONCLUSION

For the reasons stated, Waukegan Hospital's renewed motion to set aside the default judgment, Dkt. No. 31, is granted. The default judgment dated September 17, 2025, Dkt. No. 20,

is set aside.  Waukegan Hospital has 14 days, to and including April 24, 2026, to answer or otherwise respond to the complaint.  A joint initial status report is due in 30 days, by and including May 11, 2026.

Date: April 10, 2026

/s/ Joan B. Gottschall
United States District Judge