**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| ARAMARK HEALTHCARE SUPPORT SERVICES, | |
| Plaintiff, | Court No: 25-CV-06361 |
| v. | Judge Joan B. Gottschall |
| WAUKEGAN ILLINOIS HOSPITAL COMPANY, LLC, d/b/a VISTA HEALTH SYSTEM, | |
| Defendants. | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, Waukegan Illinois Hospital Company, LLC, d/b/a Vista Health System ("Vista"), by and through its attorneys, Trivedi & Khan, P.C., as its Answer to Plaintiff, Aramark Healthcare Support Services LLC's ("Aramark") Complaint states as follows:

## PARTIES

1.  Aramark is a limited liability company organized under the laws of Delaware with its principal place of business in Philadelphia, Pennsylvania.

    **ANSWER**: Admitted.

2.  The sole member of Aramark is Aramark Services, Inc., a Delaware corporation with a principal place of business in Philadelphia, Pennsylvania.

1

**ANSWER:** Defendant lacks sufficient knowledge to admit or deny the allegations of paragraph 2.

3. Vista is a limited liability company organized under the laws of Illinois with its principal place of business in Waukegan, Illinois.

**ANSWER**: Admitted.

4. The sole member of Vista is Waukegan Hospital Corporation, an Illinois corporation with its principal place of business in Waukegan, Illinois.

**ANSWER**: Admitted.

## JURISDICTION AND VENUE

5.      Jurisdiction in this matter is based on 28 U.S.C. § 1332(a) as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

**ANSWER**: Paragraph 5 does not state facts but rather states a conclusion of law to which no response is required. To the extent a response is required, the allegations are denied.

6.      This Court has general jurisdiction over Vista because Vista is an Illinois limited liability company with its principal place of business in Illinois.

**ANSWER**: Paragraph 6 does not state facts but rather states a conclusion of law to which no response is required. To the extent a response is required, the allegations are denied.

7.      Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) because Vista's principal place of business is in Waukegan, Illinois.

**ANSWER**: Paragraph 7 does not state facts but rather states a conclusion of law to which no response is required. To the extent a response is required, the allegations are denied.

## PREDICATE FACTS

8. Aramark is a food and facilities services provider and provides these services to its clients in various industries including healthcare.

**ANSWER**: Admitted.

9. Vista is a healthcare services provider that operates facilities in and around Waukegan, Illinois.

**ANSWER**: Admitted.

10. Aramark seeks to collect fees and charges owed to it for facility management and support services it provided to Vista including, without limitation, food, environmental, valet and guest services (collectively, "Management Services").

**ANSWER**: Denied.

11. On or about May 1, 2014, Vista and Aramark entered into a written agreement wherein Aramark agreed to provide Management Services on behalf of Vista, and Vista would pay Aramark for those services and the costs Aramark incurred in providing those services (the "Agreement").

**ANSWER**: The written agreement speaks for itself. To the extent the allegations of paragraph 11 contradict the parties' written agreement, such allegations are denied.

12. Pursuant to the Agreement, which the parties amended from time to time, Aramark remitted periodic invoices to Vista reflecting the amount due to Aramark for the services Aramark rendered to Vista.

3

**ANSWER**: Defendant admits that Plaintiff remitted periodic invoices but denies that all such invoices were properly remitted by Plaintiff and received by Vista, denies that all invoices reflected services actually rendered, and denies that all invoices accurately reflected the amount due.

13. While Vista both agreed and was required to pay those invoices, it failed to make payment on multiple Aramark invoices.

**ANSWER**: Defendant admits it failed to make payment on certain invoices, but disputes that all invoices were received by Vista, were agreed upon by Vista, or reflect services actually rendered or amounts actually owed.

14. In November 2023 and related to Vista's failure to pay for the services Aramark rendered, Aramark and Vista executed an amendment to the Agreement providing for full payment by Vista of all outstanding and future invoices pursuant to a payment plan specified in the amendment to the Agreement.

**ANSWER**: Admitted.

15. Following the Agreement's November 2023 Amendment, Vista continued to accrue charges for services Aramark rendered and continued to breach its obligations by failing to pay for those services and meet the obligations set forth in its payment plan.

**ANSWER**: Defendant admits it failed to make payment on certain invoices, but disputes that all invoices were received by Vista, were agreed upon by Vista, or reflect services actually rendered or amounts actually owed.

16. The parties' Agreement provides that Aramark is entitled to collect attorneys' fees and costs it incurs in enforcing its right to payment under the Agreement.

4

**ANSWER**: The written agreement speaks for itself. To the extent the allegations of paragraph 16 contradict the parties' written agreement, such allegations are denied.

17. The parties' Agreement further provides that any unpaid invoices will accrue interest at a rate of 1.5% per month.

**ANSWER**: The written agreement speaks for itself. To the extent the allegations of paragraph 17 contradict the parties' written agreement, such allegations are denied.

18. Throughout the relevant time period, Aramark sought to work with Vista to ensure that Aramark could continue to render services, and that Vista could meet its payment obligations, which would be to both parties' benefit, but Vista continued to breach its obligations and failed to provide any meaningful response.

**ANSWER**: Denied.

19. Despite Aramark making multiple requests for payment, Vista has failed or refused to pay Aramark for the services Aramark rendered to Vista or the costs Aramark incurred in rendering those services, which now exceed $4,800,000.00.

**ANSWER**: Denied.

### COUNT I – BREACH OF CONTRACT

20. Aramark incorporates the foregoing above as if set forth fully herein.

**ANSWER**: Defendant restates its answers to the foregoing as its answer to paragraph 20.

21. Vista engaged Aramark to provide Management Services on behalf of Vista.

**ANSWER**: Admitted.

22. Under the terms of the parties' Agreement, Vista was obligated to pay the fees and charges owed for the services Aramark rendered and would accrue interest at a rate of 1.5% per month on any invoices Vista failed to timely pay.

5

**ANSWER**: The written agreement speaks for itself. To the extent the allegations of paragraph 22 contradict the parties' written agreement, such allegations are denied.

23. Aramark performed its obligations under the governing terms of the Agreement.

**ANSWER**: Defendant admits Plaintiff performed its obligations under the agreement but denies Plaintiff performed all of the services included within its invoices, or that it properly served all of its invoices to Vista pursuant to the agreement.

24. Aramark invoiced Vista for the services it provided and the costs it incurred in rendering those services on Vista's behalf.

**ANSWER**: Defendant admits that certain invoices were provided to it by Plaintiff but denies the accuracy of those invoices and denies that all invoices claimed by Plaintiff were delivered to Vista.

25. Despite Aramark's requests and demands, and in breach of the parties' agreement, Vista failed to pay Aramark's invoices or for the services Aramark rendered on behalf of Vista.

**ANSWER**: Defendant admits it failed to make payment on certain invoices, but disputes that all invoices were received by Vista, were agreed upon by Vista, or reflect services actually rendered or amounts actually owed.

26. As a result, Vista has not met its obligation to pay Aramark.

**ANSWER**: Vista admits it has only partially met its payment obligations but denies the extent of the balance owed to Plaintiff.

27. As a direct and proximate cause of Vista's breach of its obligation to pay Aramark for the services Aramark rendered, Aramark incurred damages in excess of $4,800,000.00.

**ANSWER**: Denied.

WHEREFORE, Defendant Waukegan Hospital Company, LLC, d/b/a Vista Health System, respectfully requests that this Honorable Court dismiss Count I of Plaintiff's Complaint with prejudice, granting Defendant its fees and costs, and granting any further relief the Court deems just.

## COUNT II – UNJUST ENRICHMENT (IN THE ALTERNATIVE)

28. Aramark incorporates the foregoing above as if set forth fully at length herein.

**ANSWER**: Defendant restates its answers to the foregoing as its answer to paragraph 28.

29. Aramark conferred the benefit of its Management Services on and to Vista.

**ANSWER**: Admitted.

30. Vista received Aramark's Management Services and realized the use and enjoyment of the services as part of its ongoing operations.

**ANSWER**: Defendant admits it received a portion of the services alleged in Plaintiff's complaint but denies that all of the services included in the invoices alleged by Plaintiff reflect services actually rendered.

31. Aramark reasonably expected to be paid for the services it provided to Vista for the services it rendered.

**ANSWER**: Defendant lacks sufficient knowledge to admit or deny the allegations of paragraph 31.

32. Vista knew or reasonably should have known that Aramark expected to be paid for the services it provided to Vista.

**ANSWER**: Defendant admits that it knew Aramark expected to be paid for amounts owing, but disputes the amounts owing, and specifically denies any knowledge of Aramark's expectations for any invoices Vista never received.

7

33. The Management Services Aramark rendered have a reasonable value in excess of $4,800,000.00.

**ANSWER**: Denied.

34. Vista has failed to pay Aramark for the reasonable value of the services Aramark rendered.

**ANSWER**: Denied.

35. As a result, Vista has unjustly received the benefit of the services Aramark provided without paying Aramark for those benefits.

**ANSWER**: Denied.

36. Allowing Vista to retain the benefit of the services Aramark provided without paying Aramark would be unjust.

**ANSWER**: Denied.

WHEREFORE, Defendant Waukegan Hospital Company, LLC, d/b/a Vista Health System, respectfully requests that this Honorable Court dismiss Count II of Plaintiff's Complaint with prejudice, granting Defendant its fees and costs, and granting any further relief the Court deems just.

## **COUNT III – PROMISSORY ESTOPPEL (IN THE ALTERNATIVE)**

37. Aramark incorporates the foregoing above as if set forth fully at length herein.

**ANSWER**: Defendant restates its answers to the foregoing as its answer to paragraph 37.

38. Aramark provided Vista with Management Services.

**ANSWER**: Admitted.

39. Aramark reasonably relied, to its eventual detriment, on the unconditional promises of Vista to pay Aramark for its services.

**ANSWER**: Defendant lacks sufficient knowledge to admit or deny the allegations of paragraph 39.

40. Vista failed to tender the promised compensation due and owing to Aramark for the Management Services Aramark provided.

**ANSWER**: Defendant admits there are amounts owing to Plaintiff but denies the accuracy of Plaintiff's accounting of such amounts owed.

41. Aramark's reliance was expected by and foreseeable to Vista.

**ANSWER**: Paragraph 41 does not state facts but rather states a conclusion of law to which no response is required. To the extent a response is required, the allegations are denied.

42. Aramark has suffered damages in excess of $4,800,000.00 due to its reasonable reliance on the unconditional promises of Vista.

**ANSWER**: Denied.

WHEREFORE, Defendant Waukegan Hospital Company, LLC, d/b/a Vista Health System, respectfully requests that this Honorable Court dismiss Count III of Plaintiff's Complaint with prejudice, granting Defendant its fees and costs, and granting any further relief the Court deems just.

## **COUNT IV – ACCOUNT STATED (IN THE ALTERNATIVE)**

43. Aramark incorporates the foregoing above as if set forth fully at length herein.

**ANSWER**: Defendant restates its answers to the foregoing as its answer to paragraph 42.

44. Vista purchased Management Services from Aramark and agreed to pay for all such services.

**ANSWER**: Admitted.

45. Pursuant to the parties' agreement, Vista was required to pay Aramark for the services Aramark rendered on behalf of Vista.

**ANSWER**: The written agreement speaks for itself. To the extent the allegations of paragraph 45 contradict the parties' written agreement, such allegations are denied.

46. Aramark performed its obligations pursuant to the parties' agreement.

**ANSWER**: Defendant admits Plaintiff performed its obligations under the agreement but denies Plaintiff performed all of the services included within its invoices, or that it properly served all of its invoices to Vista pursuant to the agreement.

47. Aramark submitted written accounts or invoices to Vista accurately showing the debts Vista owed for its purchase or use of Aramark's services.

**ANSWER**: Denied.

48. Although Aramark demanded payment for the balance due, Vista failed to make payment.

**ANSWER**: Denied.

49. Vista agreed to, assented, or acquiesced in the correctness of the account.

**ANSWER**: Denied.

50. Vista has not questioned or objected either specifically or generally to the numerous invoices or accounts rendered.

**ANSWER**: Denied.

51. Instead, Vista promised to pay the outstanding balance, but has failed to do so in breach of the parties' agreement.

**ANSWER**: Vista denies promising to pay the outstanding balance claimed by Plaintiff and denies the accuracy of the outstanding balance claimed by Plaintiff.

52. As a direct and proximate cause of Vista's breach of its obligation to pay Aramark for the services Aramark rendered, Aramark incurred damages in excess of $4,800,000.00.

**ANSWER**: Denied.

WHEREFORE, Defendant Waukegan Hospital Company, LLC, d/b/a Vista Health System, respectfully requests that this Honorable Court dismiss Count IV of Plaintiff's Complaint with prejudice, granting Defendant its fees and costs, and granting any further relief the Court deems just.

**WAUKEGAN ILLINOIS HOSPITAL COMPANY, LLC, D/B/A VISTA HEALTH SYSTEM**

*s/ Zubair A. Khan*
By: One of its attorneys

Zubair A. Khan (6275265)
TRIVEDI & KHAN P.C.
300 N. Martingale Road, Suite 725
Schaumburg, IL 60173
Telephone: (312) 612-7619
Email: service@trivedikhan.com

11