**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ARAMARK HEALTHCARE SUPPORT SERVICES, LLC<br><br>Plaintiff,<br><br>v.<br><br>WAUKEGAN ILLINOIS HOSPITAL COMPANY, LLC d/b/a VISTA HEALTH SYSTEM,<br>Defendant. | CASE NO. 1:25-cv-06361<br><br>Judge Joan B. Gottschall<br><br>Magistrate Judge Gabriel A. Fuentes |

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

Plaintiff, Aramark Healthcare Support Services, LLC ("Aramark") hereby moves against Defendant, Waukegan Illinois Hospital Company, LLC d/b/a Vista Health System ("Vista"), for an order compelling discovery. Vista has failed to produce any objections or responses to Aramark's discovery requests, which seek information that is relevant, non-privileged, and overdue. For the following reasons, Aramark's motion to compel should be granted.

## I. FACTUAL BACKGROUND

This action seeks to recover millions of dollars in outstanding fees and costs for services Aramark rendered to Vista. *See* ECF No. 1. Far from denying liability, Vista concedes that, of the $4.8 million Aramark claims in this case, Vista owes at least $3,827,362.33 (excusive of interest). *See* ECF No. 35, at 2; ECF No. 35-1, George Affidavit ¶ 4. Indeed, Vista's position appears limited to whether it received the invoices[1] underlying the remaining charges, asserting that it has not had

[1] The invoices at issue are filed at ECF No. 13-4 (filed August 13, 2025, in support of Aramark's motion for default judgment).

an opportunity to determine whether those charges are accurate or owed. ECF 35-1, George Affidavit ¶8.

As described below, Aramark propounded discovery requests on Vista on May 20, 2026, directly addressing these issues. Attached as Exhibit A are true and correct copies of Aramark's correspondence serving its First Set of Interrogatories, Requests for Production, and Requests for Admission, along with copies of those requests. Despite the relatively straightforward nature of Vista's defense, namely ascertaining whether the remaining charges are due and owing, and despite the fact that the invoices at issue have been on the docket *for more than a year*, Vista has not responded to Aramark's discovery requests. The Court should summarily grant Aramark's motion to compel because Aramark served discovery on Vista, provided extensions, and met and conferred with Vista, yet Vista has still failed to serve any discovery responses or produce any responsive documents.

## II. LOCAL RULE 37.2 CERTIFICATION

On May 20, 2026, Aramark served discovery interrogatories, requests for admission, and requests for production of documents on Vista. *See* Ex. A, at 1-2. Although Vista's deadline to respond was June 19, 2026, it requested a one-week extension to provide discovery responses, to which Aramark consented. *See* ECF No. 49, Joint Status Report. Accordingly, Vista's written discovery responses were due on June 26, 2026. However, Vista did not respond by June 26, 2026, or request an extension before that deadline.

On July 24, 2026, Aramark's attorney emailed Vista's attorney: (a) advising that Vista's responses were still outstanding; (b) requesting an immediate meet-and-confer pursuant to Local Rule 37.2 regarding Vista's failure to respond; (c) noting that, under FRCP 36, Aramark's requests

for admission were deemed admitted because Vista failed to timely answer or object; and (d) asking if Vista would stipulate to liability on the remaining charges at issue to avoid incurring further unnecessary costs and fees. A true and correct copy of email correspondence between the parties is attached as Exhibit B – See p. 6.

After counsel for Vista agreed to meet and confer on July 27, 2026, the meet-and-confer was adjourned until the next day because Vista's attorney failed to appear. *See id.* at 3-4. On July 28, 2026, Eric Palombo, Esquire (attorney for Aramark) and Zubair Khan, Esquire (attorney for Vista) met and conferred via Microsoft Teams at 3:00 (CT). At the meet-and-confer, Aramark agreed to allow Vista until August 4, 2026, to respond to Aramark's First Set of Interrogatories and Requests for Production, and advised that it would seek court intervention if Vista did not meet that deadline. *See id.* at 2. With respect to Aramark's First Set of Requests for Admission, Vista failed to respond by the deadline, deeming those matters admitted pursuant to Fed. R. Civ. P. 36(a)(3).

Vista did not comply with the August 4, 2026 deadline. On August 5, 2026—one day later—Vista's attorney emailed Aramark's attorney stating, "I'm going to need a little more time to put together the discovery answers. I can get it to you in a week." Ex. B, p. 8. To date, Vista has not responded to any of Aramark's interrogatories or document requests—requiring Aramark to proceed with this motion.

## III. ARGUMENT

A party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense-including the existence, description, nature, custody, condition, and location of any documents or other tangible things . . . ." Fed. R. Civ. P. 26(b)(1). "For good cause,

the court may order discovery of any matter relevant to the subject matter involved in the action." *Id.* Where a party fails to respond to discovery requests, the propounding party may seek an order compelling discovery. Fed. R. Civ. P. 37. "The Court has broad discretion in matters relating to discovery, including whether to grant a motion to compel." *Trading Techs. Int'l, Inc. v. Espeed, Inc.*, 2005 WL 1300778, *1 (N.D. Ill. Apr. 28, 2005) (citing *Sattar v. Motorola, Inc.*, 138 F.3d 1164, 1171 (7th Cir. 1998)).

Here, Vista has completely failed to respond to any of the interrogatories, document requests, or requests for admissions which Aramark served on Vista some two-and-a-half months ago. Although Aramark twice consented to formally extend Vista's response deadline, including agreeing to a final August 4, 2026 deadline at a meet-and-confer, Vista still has failed to provide a single discovery response or document. Vista also has not offered any explanation for its ongoing noncompliance, nor has it described any past or ongoing efforts to bring itself into compliance. After waiting since the end of June for Vista's responsive discovery, Aramark's patience is understandably worn thin. Moreover, Vista's failure to provide any discovery responses or documents, coupled with its decision not to propound any discovery requests of its own, suggests that further delay serves little purpose other than postponing the resolution of issues that Vista should have addressed months ago. Accordingly, the Court should compel Vista to promptly and fully respond to Aramark's discovery requests.

## IV. CONCLUSION

For the foregoing reasons, Aramark respectfully seeks an order compelling Vista to immediately provide complete responses to Aramark's First Set of Interrogatories and Requests for Production, and to produce all responsive documents that Aramark has requested. Aramark

further requests that should Vista fail to comply with the Court's order, it be subject to sanctions including payment of all attorneys' fees Aramark incurred in pursuing this Motion.

Respectfully submitted,

**FLASTER GREENBERG, P.C.**

By: /s/ *Eric C. Palombo*
Eric C. Palombo
Eric.Palombo@flastergreenberg.com
Flaster Greenberg, P.C.
100 Front Street, Suite 100
Conshohocken, PA 19428
Telephone: (215) 320-3728
Fax: (610) 260-4447
*Attorneys for Plaintiff,*
Aramark Healthcare Support Services, LLC

Date: August 14, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that, on August 14, 2026, a true and correct copy of the foregoing Motion to Compel was served upon the following via the Court's electronic filing system:

Zubair A. Khan, Esquire
TRIVEDI & KHAN P.C.
300 N. Martingale Road, Suite 725
Schaumburg, IL 60173

By: *s/ Eric C. Palombo*
Eric C. Palombo

Date: August 14, 2026