# EXHIBIT A

**Palombo, Eric**

| | |
|---|---|
| **From:** | Palombo, Eric |
| **Sent:** | Wednesday, May 20, 2026 6:17 PM |
| **To:** | Sinan Alkin |
| **Cc:** | Zubair Khan; Epstein, Daniel; Patel, Janki S. |
| **Subject:** | Aramark v. Waukegan - Plaintiff's First Set of Interrogatories, Requests for Production and Requests for Admission |
| **Attachments:** | LTR Alkin 5.20.26 Enclosing Discovery (First Set) (15585152.1)(15585177.1).pdf; Aramark v. Waukegan- First Set of Discovery Requests 5.20.26 (15570796.pdf |

Sinan,

Please see the attached letter and discovery requests. Hard copies have also been mailed. I do not believe we covered this in our meet and confer, but please confirm if you agree to service of all documents via email for both parties moving forward.

Best,
Eric

FLASTER GREENBERG
Attorneys at Law | A Professional Corporation

**Eric C. Palombo**
Practice Lead, Transportation, Logistics, & Supply Chain • Flaster Greenberg PC
p: 215.320.3728 • f: 610.260.4447 • e: eric.palombo@flastergreenberg.com
One Tower Bridge, 100 Front Street, Suite 100, Conshohocken, PA 19428

NOTICE: This electronic mail transmission may constitute an attorney-client communication that is privileged at law. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying it, and notify the sender by reply e-mail or by calling the sender, so that our address record can be corrected.

FLASTER GREENBERG
Attorneys at Law | A Professional Corporation

100 Front Street
Suite 100
Conshohocken, PA 19428
Tel: (215) 576-1730
Fax (610) 260-4447
www.flastergreenberg.com

**ERIC PALOMBO**
Member of the PA & NJ Bars
Direct Dial: (215) 320-3728
E-Mail: eric.palombo@flastergreenberg.com

May 20, 2026

***VIA MAIL and Email***
Sinan Alkin
Zubair Khan
Trivedi & Khan, P.C.
200 N. Green Street, 3rd Floor,
Chicago, IL 60607
sinan@trivedikhan.com
zubair@trivedikhan.com

***RE:*** ***Aramark Healthcare Support Services, LLC v. Waukegan Illinois Hospital Company, LLC; U.S.D.C. for the Northern District of Illinois Case No. 1:25-cv-06361***

Sinan,

Enclosed for service, please find Plaintiff Aramark Healthcare Support Services, LLC's First Set of Interrogatories, Requests for Production, and Requests for Admission.

Sincerely,

/s/ Eric C. Palombo
Eric C. Palombo

Enclosures

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ARAMARK HEALTHCARE SUPPORT SERVICES, LLC<br><br>Plaintiff,<br><br>v.<br><br>WAUKEGAN ILLINOIS HOSPITAL COMPANY, LLC d/b/a VISTA HEALTH SYSTEM,<br>Defendant. | CASE NO. 1:25-cv-06361<br><br>Judge Joan B. Gottschall<br><br>Magistrate Judge Gabriel A. Fuentes |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES,**
**REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSION**

Plaintiff Aramark Healthcare Support Services, LLC ("Aramark" or "Plaintiff") hereby serves its First Set of Interrogatories, Requests for Production, and Requests for Admission (the "Discovery Requests") pursuant to Rules 33, 34, and 36 of the Federal Rules of Civil Procedure. The Discovery Requests are directed to Defendant Waukegan Illinois Hospital Company, LLC d/b/a Vista Health System ("Vista" or "Defendant").

Defendant shall provide written responses to the Discovery Requests within 30 days of receipt and Defendant shall produce all requested documents for inspection and copying at the offices of Flaster Greenberg PC, One Tower Bridge, 100 Front Street, Suite 100, Conshohocken, PA 19428. The Discovery Requests are deemed continuing and will require further answer from now until the time of hearing, without further notice. Defendant's Answers and Responses shall be based upon all the information available to it, its attorneys, and any other representative(s).

## DEFINITIONS

As used herein, the following words or phrases have the following meanings:

1. "Plaintiff" or "Aramark" means Aramark Healthcare Support Services, LLC, including any employees, agents, and/or other persons acting or purporting to act on its behalf, including but not limited to any person retained by or under its direction or control.

2. "Vista" or "Defendant" or "you" or "your" means Defendant Waukegan Illinois Hospital Company, LLC d/b/a Vista Health System, and any other associated entities in which it has or had any interest including current or former officers, directors, employees, members, partners, principals, attorneys, agents, representatives, and/or other persons or entities acting or purporting to act its behalf.

3. "Complaint" shall refer to Plaintiff's Complaint in this matter and all subsequent amendments.

4. "Answer" means Defendant's Answer to the Complaint in this matter.

5. The "Invoices" means the invoices reflecting the charges Aramark seeks to collect in this matter and which are found at Docket No. 13-4.

6. The terms "document" or "documents" means all written, printed or recorded or computer stored matter of any kind, including without limitation: minutes, agendas, bills, contracts, leases, assignments, agreements, reports, summaries, inter-office and intra-office communications, offers, notations of any sort of conversations, diaries, appointment books or calendars, teletypes, telefax, thermafax, confirmations, e-mail, computer data (including information or programs stored in a computer, whether or not ever printed out or displayed); all drafts, alterations, modifications, changes and amendments of any of the foregoing; and all graphic or manual records of any kind, including without limitation photographs, microfiche, microfilm, videotape, records, motion pictures, and electronic, mechanical or electric records or

representations of any kind, including without limitation tapes, cassettes, discs, magnetic cards, and recordings.

7. The phrase "all documents" means every document, as defined above, including the original and all non-identical copies, known to You, whether different from the originals by reason of any notation made on such copies or otherwise, and every such document or writing which You can locate or discover by reasonably diligent efforts

8. The terms "identify" or "identity," when used in reference to an individual person, means to state his or her full name, present or last known business or residential addresses, and the name of such person's present or last known employer.

9. The terms "identify" or "identity," when used in reference to any business, legal or governmental entities or associations, means to state the entity's or association's full name, and its present or last known principal place of business or operation.

10. The terms "identify" or "identity," when used in reference to documents, means to state the type of document, the general subject matter of the document, the date of the document, the last known location of the document or in whose possession the document currently is, and the author(s), addressee(s) and recipient(s) of the document.

11. The term "communication" means any oral or written expression, conveyance, or transmittal of thoughts, ideas, information, feelings, beliefs, opinions, impressions or any other mental or emotional state to an individual or individuals, whether person-to-person, in a group, in a meeting, by telephone, by letter, by telex or by any other process, electronic or otherwise.

12. The words "all" and "each" shall be construed as all and each.

13. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

14. The use of the singular form of any word includes the plural and vice-versa.

15. In construing these discovery requests, gender is to be wholly disregarded. The neuter refers as well to the male and the female, and the male and the female refer to each other as well as to the neuter.

**INSTRUCTIONS**

1. If, in responding to this discovery, you encounter any ambiguity in construing either a request, definition or an instruction relevant to the inquiry contained within this discovery, set forth the matter deemed ambiguous, and set forth the construction chosen or used in responding to the discovery.

2. If any information requested is on a calendar year basis, and your fiscal year basis differs from a calendar year basis, it will be acceptable to so state, identify the fiscal years involved, and supply the information requested on a fiscal year basis if the information is more readily available in that form.

3. The requests contained herein shall be deemed continuing so as to require additional responses if further information or documents are obtained between the time any Response to this discovery is served and the time of any evidentiary hearing relating to this matter. Immediately upon receipt or discovery of such further information, you shall: provide such information in a supplemental Response; state the date you first received such further information; and state the reason (s) why you were not in receipt of and/or did not furnish such further information at any earlier date.

4. You shall supply all information responsive to these requests, whether such information is in your direct or indirect possession, custody, or control. If you cannot answer fully any of the following requests after exercising due diligence to secure the information requested, provide the information within your knowledge, possession, custody, or control, and state your inability to answer the remainder of the request.

5. If you object to any request, or part thereof, on the basis of attorney-client privilege, the work-product doctrine, or any other privilege, identify: (a) the privilege claimed; (b) the date and manner in which the withheld information was communicated to you; (c) all persons present when such communications took place; (d) all persons making or authoring the withheld information; (e) the general subject matter of the information withheld; and (f) the basis on which the privilege is claimed.

**FIRST SET OF INTERROGATORIES**

1. Identify each individual who supplied information on which your responses to these Discovery Requests rely, the specific interrogatory and/or request for which such information was supplied, and the job position/title and business address of each such person.

**ANSWER:**

2. Identify by name and address each individual likely to have discoverable information with respect to the claims and defenses in this matter and provide a summary of the information you believe is known to each such individual.

**ANSWER:**

3. Describe Defendant's practice or procedures for requesting services from Plaintiff and reviewing, approving, and paying for those services.

**ANSWER:**

4. Identify all methods by which you received invoices from Aramark (e.g., mail, email, etc.) and state the nature and the dates of all changes (if any) to such methods during the parties' relationship.

**ANSWER:**

5. Identify by name and address of all individuals responsible on behalf of Defendant for receiving, paying, or disputing any invoices issued by Plaintiff.

**ANSWER:**

6. If you contend any of the Invoices are not due and owing to Aramark, identify the specific invoices you contest is not due and owing by invoice number and amount. In providing this response, identify the specific amounts you do and do not contest for each invoice and provide the factual basis for why you contend it is not owed.

**ANSWER:**

7. For each invoice you identified in response to Interrogatory No. 6, state the reason for your contention including whether you previously disputed or objected to the invoice, including the date, method, and reason for each such communication, Plaintiff's response, the identity of the individuals involved in each such communication, and the individual(s) who decide whether or not to pay the invoice(s).

**ANSWER:**

8. If you contend that you paid any of the Invoices, identify the date of payment, payment amount, payment method, invoices applied, and any communications acknowledging outstanding balances or payment plans.

**ANSWER:**

9. Identify each of the Invoices that you have not paid, including the invoice numbers, dates, amounts of such invoices, and the reason for nonpayment.

**ANSWER:**

10. Identify all communications you made, sent, or submitted to Plaintiff, or received from Plaintiff, regarding nonpayment or late payment of any of the Invoices, including the date, mode, and content of each such communication.

**ANSWER:**

11. Identify by invoice number, date and amount of each invoice contained in the Invoices that you contend you did not receive prior to this litigation. State all facts and identify all documents and all individuals with knowledge relevant to your response.

**ANSWER:**

12. Identify each one of the Invoices which you contend does not reflect services Aramark rendered to you. In providing your answer, state the factual basis for your answer including identifying all documents supporting or contradicting your answer, and any individuals that provided information used in the answer or that have knowledge regarding the substance of the response.

**ANSWER:**

13. Identify each of the Invoices for which Aramark claims payment in this matter which you contend does not accurately reflect the amount due. In providing your answer, state the factual basis for your answer including identifying all documents supporting or contradicting your answer, and any individuals that provided information used in the answer or that have knowledge regarding the substance of the response.

**ANSWER:**

14. State the exact amount you admit that you owe to Aramark and identify all records you reviewed in reaching that amount.

**ANSWER:**

15. Identify each invoice which you concede remains due and owing by Vista to Aramark.

**ANSWER:**

16. State the factual basis for any challenge to Plaintiff's damages.

**ANSWER:**

17. Identify the factual basis for your denial of paragraph 12 of the Complaint and identify all documents and individuals that support your denial.

**ANSWER:**

## **REQUESTS FOR PRODUCTION OF DOCUMENTS**

Please produce the following:

1. All documents Defendant reviewed, referenced, or consulted when preparing any pleading or responding to any discovery in this matter.

**RESPONSE:**

2. All documents identified in your initial disclosures or any supplements to those disclosures.

**RESPONSE:**

3. All documents and communications referenced in or relating to any of Defendant's discovery responses in this matter.

**RESPONSE:**

4. Any communications exchanged between Defendant, Plaintiff, or any other individual or entity, including internal communications within Defendant, relevant to any one of the Invoices that you deny is due and owing.

**RESPONSE:**

5. Copies of Defendant's accounts payable records reflecting charges invoiced by or on behalf of Plaintiff between January 1, 2023, through the present date.

**RESPONSE:**

6. Any written or recorded statement from any individual concerning the claims alleged in the Complaint or any defenses or claims asserted in the Answer.

**RESPONSE:**

7. Any documents or communications, including internal communications, pertaining to any investigation performed by you or any other individual or entity regarding the Invoices.

**RESPONSE:**

8. All spreadsheets, account statements or account balances Plaintiff provided to you reflecting any balance Plaintiff claimed Defendant owed to Plaintiff between January 1, 2023, through the present date.

**RESPONSE:**

9. All documents and communications reflecting any promises of payment(s) or representation that Defendant will make payment(s), or regarding any proposed or agreed-on payment plan, regarding the Invoices.

**RESPONSE:**

10. Any documents, meeting minutes, or notes regarding any meetings or discussions between any individual(s) representing Defendant and any individual(s) representing Plaintiff regarding any of the Invoices.

**RESPONSE:**

11. All documents which support or contradict any denials set forth in the Answer.

**RESPONSE:**

12. All documents and communications reflecting or referring to any objection or dispute by Defendant as to of the Invoices, including documents and communications identifying the disputed invoices, the date of the dispute, or the reasons for the dispute.

**RESPONSE:**

13. Any documents you intend to introduce at depositions, hearings, trial or to support any defenses you assert in this matter.

**RESPONSE:**

14. Any documents you received from any individual or entity related to the claims or defenses at issue in this lawsuit in response to a subpoena or other formal or informal request for documents or information.

**RESPONSE:**

15. If you contend that you paid any of the Invoices, documents reflecting such payments.

**RESPONSE:**

16. Your complete contract file (base agreement, amendments, SOWs, change orders, related correspondence) related to the claims and defenses at issue in this lawsuit.

**RESPONSE:**

17. All Aramark invoices with transmittal proofs and your AP intake logs.

**RESPONSE:**

18. A native Excel of the spreadsheet you filed and found at Dkt. No. 35-1 (Exhibit 4).

**RESPONSE:**

## REQUESTS FOR ADMISSION

1. Admit that Defendant concedes that $3,827,362.33 million remains due and owing from Defendant to Plaintiff.

**ANSWER:**

2. Admit that the invoices contained in Dkt. No. 13-4 reflect charges that are due and owing from Defendant to Plaintiff.

**ANSWER:**

3. Admit that you received services from Plaintiff for the time period reflected in the Invoices for which you did not pay.

**ANSWER:**

4. Admit that you have not paid the Invoices.

**ANSWER:**

5. Admit that you received a copy of each of the following invoices, copies of which are found at Dkt. No. 13-4, prior to litigation:

(a) Invoice No. C01034201

**ANSWER:**

(b) Invoice No. C01042110

**ANSWER:**

(c) Invoice No. C01033809

**ANSWER:**

(d) Invoice No. C01027698

**ANSWER:**

(e) Invoice No. C01027697

**ANSWER:**

(f) Invoice No. C01029455

**ANSWER:**

(g) Invoice No. C01029456

**ANSWER:**

(h) Invoice No. C01040518

**ANSWER:**

(i) Invoice No. C01040368

**ANSWER:**

(j) Invoice No. C01040073

**ANSWER:**

(k) Invoice No. C01036037

**ANSWER:**

(l) Invoice No. C01035792

**ANSWER:**

(m) Invoice No. C01036334

**ANSWER:**

(n) Invoice No. C01038366

**ANSWER:**

(o) Invoice No. C01038206

**ANSWER:**

(p) Invoice No. C01037947

**ANSWER:**

(q) Invoice No. C01050891

**ANSWER:**

(r) Invoice No. C01050402

**ANSWER:**

(s) Invoice No. C01048726

**ANSWER:**

(t) Invoice No. C01048878

**ANSWER:**

(u) Invoice No. C01048468

**ANSWER:**

(v) Invoice No. C01046641

**ANSWER:**

(w) Invoice No. C01046798

**ANSWER:**

(x) Invoice No. C01046326

**ANSWER:**

(y) Invoice No. C01044664

**ANSWER:**

(z) Invoice No. C01044412

**ANSWER:**

(aa) Invoice No. C01044144

**ANSWER:**

(bb) Invoice No. C01042540

**ANSWER:**

(cc) Invoice No. C01042399

**ANSWER:**

(dd) Invoice No. C01034162

**ANSWER:**

(ee) Invoice No. FC1034845

**ANSWER:**

(ff) Invoice No. FC1043119

**ANSWER:**

(gg) Invoice No. FC1027619

**ANSWER:**

(hh) Invoice No. FC1027618

**ANSWER:**

(ii) Invoice No. FC1032985

**ANSWER:**

(jj) Invoice No. FC1032984

**ANSWER:**

(kk) Invoice No. FC1029402

**ANSWER:**

(ll) Invoice No. FC1029401

**ANSWER:**

(mm) Invoice No. FC1029400

**ANSWER:**

(nn) Invoice No. FC1031194

**ANSWER:**

(oo) Invoice No. FC1031193

**ANSWER:**

(pp) Invoice No. FC1031192

**ANSWER:**

(qq) Invoice No. FC1041058

**ANSWER:**

(rr) Invoice No. FC1041057

**ANSWER:**

(ss) Invoice No. FC1041056

**ANSWER:**

(tt) Invoice No. FC1038947

**ANSWER:**

(uu) Invoice No. FC1038948

**ANSWER:**

(vv) Invoice No. FC1038946

**ANSWER:**

(ww) Invoice No. FC1036880

**ANSWER:**

(xx) Invoice No. FC1036879

**ANSWER:**

(yy) Invoice No. FC1036878

**ANSWER:**

(zz) Invoice No. FC1032986

**ANSWER:**

(aaa) Invoice No. FC1053484

**ANSWER:**

(bbb) Invoice No. FC1053483

**ANSWER:**

(ccc) Invoice No. FC1053482

**ANSWER:**

(ddd) Invoice No. FC1051475

**ANSWER:**

(eee) Invoice No. FC1051474

**ANSWER:**

(fff) Invoice No. FC1051473

**ANSWER:**

(ggg) Invoice No. FC1049460

**ANSWER:**

(hhh) Invoice No. FC1049459

**ANSWER:**

(iii) Invoice No. FC1049458

**ANSWER:**

(jjj) Invoice No. FC1047385

**ANSWER:**

(kkk) Invoice No. FC1047384

**ANSWER:**

(lll) Invoice No. FC1047383

**ANSWER:**

(mmm) Invoice No. FC1034843

**ANSWER:**

(nnn) Invoice No. FC1034844

**ANSWER:**

(ooo) Invoice No. FC1045208

**ANSWER:**

(ppp) Invoice No. FC1045207

**ANSWER:**

(qqq) Invoice No. FC1045206

**ANSWER:**

(rrr) Invoice No. FC1043121

**ANSWER:**

(sss) Invoice No. FC1043120

**ANSWER:**

(ttt) Invoice No. FC1027620

**ANSWER:**

(uuu) Invoice No. 000008073-000099

**ANSWER:**

(vvv) Invoice No. 000008073-000097

**ANSWER:**

(www) Invoice No. KC01052475

**ANSWER:**

(xxx) Invoice No. KC01052786

**ANSWER:**

(yyy) Invoice No. KC01052872

**ANSWER:**

(zzz) Invoice No. 100323022

**ANSWER:**

(aaaa) Invoice No. 100323023

**ANSWER:**

6. For each of the following invoices, copies of which are found at Dkt. No. 13-4, admit that the invoices are due and owing from Defendant to Plaintiff:

(a) Invoice No. C01034201

**ANSWER:**

(b) Invoice No. C01042110

**ANSWER:**

(c) Invoice No. C01033809

**ANSWER:**

(d) Invoice No. C01027698

**ANSWER:**

(e) Invoice No. C01027697

**ANSWER:**

(f) Invoice No. C01029455

**ANSWER:**

(g) Invoice No. C01029456

**ANSWER:**

(h) Invoice No. C01040518

**ANSWER:**

(i) Invoice No. C01040368

**ANSWER:**

(j) Invoice No. C01040073

**ANSWER:**

(k) Invoice No. C01036037

**ANSWER:**

(l) Invoice No. C01035792

**ANSWER:**

(m) Invoice No. C01036334

**ANSWER:**

(n) Invoice No. C01038366

**ANSWER:**

(o) Invoice No. C01038206

**ANSWER:**

(p) Invoice No. C01037947

**ANSWER:**

(q) Invoice No. C01050891

**ANSWER:**

(r) Invoice No. C01050402

**ANSWER:**

(s) Invoice No. C01048726

**ANSWER:**

(t) Invoice No. C01048878

**ANSWER:**

(u) Invoice No. C01048468

**ANSWER:**

(v) Invoice No. C01046641

**ANSWER:**

(w) Invoice No. C01046798

**ANSWER:**

(x) Invoice No. C01046326

**ANSWER:**

(y) Invoice No. C01044664

**ANSWER:**

(z) Invoice No. C01044412

**ANSWER:**

(aa) Invoice No. C01044144

**ANSWER:**

(bb) Invoice No. C01042540

**ANSWER:**

(cc) Invoice No. C01042399

**ANSWER:**

(dd) Invoice No. C01034162

**ANSWER:**

(ee) Invoice No. FC1034845

**ANSWER:**

(ff) Invoice No. FC1043119

**ANSWER:**

(gg) Invoice No. FC1027619

**ANSWER:**

(hh) Invoice No. FC1027618

**ANSWER:**

(ii) Invoice No. FC1032985

**ANSWER:**

(jj) Invoice No. FC1032984

**ANSWER:**

(kk) Invoice No. FC1029402

**ANSWER:**

(ll) Invoice No. FC1029401

**ANSWER:**

(mm) Invoice No. FC1029400

**ANSWER:**

(nn) Invoice No. FC1031194

**ANSWER:**

(oo) Invoice No. FC1031193

**ANSWER:**

(pp) Invoice No. FC1031192

**ANSWER:**

(qq) Invoice No. FC1041058

**ANSWER:**

(rr) Invoice No. FC1041057

**ANSWER:**

(ss) Invoice No. FC1041056

**ANSWER:**

(tt) Invoice No. FC1038947

**ANSWER:**

(uu) Invoice No. FC1038948

**ANSWER:**

(vv) Invoice No. FC1038946

**ANSWER:**

(ww) Invoice No. FC1036880

**ANSWER:**

(xx) Invoice No. FC1036879

**ANSWER:**

(yy) Invoice No. FC1036878

**ANSWER:**

(zz) Invoice No. FC1032986

**ANSWER:**

(aaa) Invoice No. FC1053484

**ANSWER:**

(bbb) Invoice No. FC1053483

**ANSWER:**

(ccc) Invoice No. FC1053482

**ANSWER:**

(ddd) Invoice No. FC1051475

**ANSWER:**

(eee) Invoice No. FC1051474

**ANSWER:**

(fff) Invoice No. FC1051473

**ANSWER:**

(ggg) Invoice No. FC1049460

**ANSWER:**

(hhh) Invoice No. FC1049459

**ANSWER:**

(iii) Invoice No. FC1049458

**ANSWER:**

(jjj) Invoice No. FC1047385

**ANSWER:**

(kkk) Invoice No. FC1047384

**ANSWER:**

(lll) Invoice No. FC1047383

**ANSWER:**

(mmm) Invoice No. FC1034843

**ANSWER:**

(nnn) Invoice No. FC1034844

**ANSWER:**

(ooo) Invoice No. FC1045208

**ANSWER:**

(ppp) Invoice No. FC1045207

**ANSWER:**

(qqq) Invoice No. FC1045206

**ANSWER:**

(rrr) Invoice No. FC1043121

**ANSWER:**

(sss) Invoice No. FC1043120

**ANSWER:**

(ttt) Invoice No. FC1027620

**ANSWER:**

(uuu) Invoice No. 000008073-000099

**ANSWER:**

(vvv) Invoice No. 000008073-000097

**ANSWER:**

(www) Invoice No. KC01052475

**ANSWER:**

(xxx) Invoice No. KC01052786

**ANSWER:**

(yyy) Invoice No. KC01052872

**ANSWER:**

(zzz) Invoice No. 100323022

**ANSWER:**

(aaaa) Invoice No. 100323023

**ANSWER:**

7. Admit that you received the "Total Net Book Value of Financial Commitment Invoice" found at Dkt. 13-4, page 82, prior to this litigation.

**ANSWER:**

8. Admit that the "Total Net Book Value of Financial Commitment Invoice" found at Dkt. 13-4, page 82, is due and owing from Defendant to Plaintiff.

**ANSWER:**

**FLASTER GREENBERG P.C.**

May 20, 2026 By: */s/ Eric C. Palombo*

Eric C. Palombo
100 Front Street, Suite 100
Conshohocken, PA 19428
Telephone: (215) 320-3728
Fax: (610) 260-4447
eric.palombo@flastergreenberg.com
*Attorneys for Plaintiff*
*Aramark Healthcare Support Services, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that, on May 20, 2026, a true and correct copy of Aramark Healthcare Support Services, LLC's First Set of Interrogatories, Requests for Production and Requests for Admission were served on the following via email and US mail:

Sinan Alkin
Zubair Khan
Trivedi & Khan, P.C.
Chicago, IL
200 N. Green Street, 3rd Floor, Chicago, IL 60607
sinan@trivedikhan.com
zubair@trivedikhan.com

By: *__/s/ Eric C. Palombo__*
Eric C. Palombo

Date: May 20, 2026