**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ARAMARK HEALTHCARE SUPPORT SERVICES, LLC<br><br>Plaintiff,<br><br>v.<br><br>WAUKEGAN ILLINOIS HOSPITAL COMPANY, LLC d/b/a VISTA HEALTH SYSTEM,<br>Defendant. | CASE NO. 1:25-cv-06361<br><br>Judge Joan B. Gottschall<br><br>Magistrate Judge Gabriel A. Fuentes |

# STATUS REPORT

Plaintiff, Aramark Healthcare Support Services, LLC ("Aramark"), by and through its counsel, files this Status Report in anticipation of the November 20, 2026 deadline for new counsel for Vista to appear.

## I. Vista's Non-Compliance to Date

Aramark served its written discovery requests on May 20, 2026. Dkt. No. 57-1. Aramark twice agreed to extend Vista's deadline, first to June 26 and then to August 4, 2026. Dkt. Nos. 57, 57-2. The Court then ordered Vista to respond by August 31 and again by September 18, denied Vista's request for one more week, and on September 29 set a final deadline of noon on October 9, 2026. Dkt. Nos. 61, 67, 69, 71. Vista met none of these deadlines. In the October 14, 2026 Amended Joint Status Report, Vista told the Court that a change in its ownership had caused much of the delay and that it expected to be able to place resources toward responding to the remaining discovery. Dkt. No. 73.

Based on Vista's failure to comply with the Court's orders, the Court set a contempt hearing, which it continued to November 6 after Vista made further representations regarding its intent to comply with the Court's prior orders. Dkt. No. 80. The Court also required both Vista's counsel and its chief legal officer to appear in person at the November 6 hearing. Dkt. No. 82. At the continued hearing, Vista's chief legal officer did not appear despite being under an order to do so. Further, Vista still had not served its Rule 33 and 34 responses or provided dates for its Rule 30(b)(6) deposition, and its own counsel reported that he had received neither from his client. Dkt. No. 83.

The Court granted counsel's motion to withdraw, gave Vista until noon on November 20, 2026 to retain new counsel, and suspended discovery. *Id.* The Court also found "the level of dilatory and obstreperous conduct displayed by defendant, including the noncompliance with multiple court orders and the stonewalling on discovery even after the Court continued the RTSC hearing," sufficient to take the contempt issue under advisement. *Id.* The Court stated that it will not certify facts in support of a finding of contempt before noon on November 20, 2026, in order to give Vista "one more opportunity to engage meaningfully with this matter, and with counsel." *Id.*

## II. Recent Developments Bearing on the Timing of the Court's Ruling

Public news reports since the November 6 hearing indicate that Vista's financial circumstances continue to deteriorate.[1] Aramark brings these reports to the Court's attention

[1] See Vista Health System news: Vista Medical Center East in Waukegan, IL on EMS bypass amid American Healthcare Systems payroll issues | abc7chicago.com; Vista Medical Center East down to 21 patients and closes a floor amid reports doctors may take over Waukegan hospital, lasted visited November 20, 2026. Aramark offers these reports only to inform the Court of the surrounding circumstances and does not vouch for every detail in them.

because they bear on the timing of any ruling. Aramark is and remains an unpaid creditor seeking approximately $4.8 million from Vista, which has continually managed to delay this matter.

The Court previously entered a default judgment against Vista for failing to respond to Aramark's complaint over a year ago. Vista successfully moved to set aside the default judgment. Dkt. Nos. 20, 41. After successfully reopening the case, Vista has not responded to the written discovery served on it on May 20, 2026, has not provided dates for its Rule 30(b)(6) deposition, and has not complied with *multiple* court orders, which is consistent with its initial act of ignoring the complaint. Dkt. Nos. 61, 67, 69, 71, 83. Vista has repeatedly delayed this matter, stalling discovery and postponing the final adjudication of Aramark's claim, which is severely prejudicial to Aramark. The Court itself has described Vista's conduct as "dilatory and obstreperous." Dkt. No. 83. Having obtained the benefit of reopening this case, Vista has not honored the obligations that came with it. In equity, Vista should not be permitted to profit from the delay it has caused at Aramark's expense.

The longer this case remains unresolved, the greater the risk to Aramark that it will be unable to collect any judgment it receives. Meanwhile, other creditors may be perfecting their own judgments or liens in advance of Aramark, and any judgment lien Aramark obtains may be subordinate to theirs. Based on recent reports, Vista's ability to satisfy a judgment has been further impaired, and Aramark's ability to pursue its claim in this Court will be interrupted if Vista seeks bankruptcy protection. Vista's non-participation has also prevented Aramark from testing Vista's defenses. Aramark has acted in good faith throughout this proceeding. It agreed to extend Vista's deadlines twice, joined in status reports, and appeared at each hearing. Likewise, the Court has afforded Vista multiple opportunities to meet its litigation obligations. Vista, however, has not

done so. From an equitable standpoint, the risk created by Vista's delay belongs with Vista, which caused it, and not with Aramark, which accommodated Vista and has been prejudiced as a result.

Aramark does not ask the Court to infer Vista's motive, as the record is sufficient on its own: Vista failed to timely respond to Aramark's complaint; Vista has had Aramark's discovery requests since May 20, 2026, has been given repeated extensions and court-ordered deadlines, and has not complied; and Vista's chief legal officer did not appear at the November 6 hearing despite being under an order to do so. Dkt. No. 83. The practical effect has been that adjudication of Aramark's claim has been delayed while Vista's financial condition has worsened and it is no longer represented. A party that disregards the litigation process and this Court's orders should not be allowed to do so at the expense of the creditor whose position erodes with each passing week.

## III. Relief Requested

As of the date of this Report, Aramark is not aware that new counsel has appeared for Vista. Given the procedural history of this matter and the prejudice to Aramark described above, Aramark respectfully requests that, if no counsel has appeared for Vista by noon on November 20, 2026, the Court strike Vista's answer and defenses, enter default against Vista, and permit Aramark to seek a final judgment.

Respectfully submitted,

**FLASTER GREENBERG, P.C.**

By: *<u>/s/ Eric C. Palombo</u>*
Eric C. Palombo
Flaster Greenberg, P.C.
100 Front Street, Suite 100
Conshohocken, PA 19428
Telephone: (215) 320-3728
Eric.Palombo@flastergreenberg.com

*Attorneys for Plaintiff, Aramark Healthcare Support Services, LLC*

Date: November 20, 2026